[Civ. No. 48721. Second Dist., Div. Five. Sept. 13, 1977.]

JOHN C. McALLISTER, Plaintiff and Appellant, v. LORRAINE E. GEORGE, as Administratrix, etc., Defendant and Respondent.

**COUNSEL**

John C. McAllister, in pro. per., for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust and John J. Geary, Jr., for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—Plaintiff John C. McAllister brought this action for assault and battery against defendants William Michael George (hereinafter William) and George M. George (hereinafter George). George died and his estate was substituted as a defendant. After a jury trial, the jury found in favor of defendant William and against defendant estate of George, and assessed the damages at $2,000. Plaintiff appeals from that portion of the judgment which assesses the damages at $2,000.

The McAllisters and the Georges were neighbors. Animosity developed between them after the McAllisters complained to the police that William's car was blocking their driveway and William received a citation. On May 18, 1970, William's car was parked in front of a fire hydrant. William and George were concerned that plaintiff had called the police again, so when they saw plaintiff getting into his car they walked rapidly over to it. George reached in through the car window, grabbed plaintiff by the throat, and started punching him in the head. Dazed, plaintiff got out of the car and went into the street to request help from another neighbor. Plaintiff went back to his car, felt a heavy blow at the side of his head, and remembered nothing else until he came to at the hospital.

Plaintiff testified that when he woke up he had pain from behind the ear, down the left side of the head, and was bleeding. When he visited Dr. Januszka the next day, he was suffering pain across the chest, had difficulty swallowing, and problems in the left side of his face, including pain in the left ear. Dr. Januszka's diagnosis was contusions of the chin, left face, and left ear, and sprain of the left jaw, likely caused by more than one trauma. He treated plaintiff with anti-inflammatory agents, and saw plaintiff on a number of visits during 1970, but plaintiff continued to experience pain, so Dr. Januszka referred plaintiff to a specialist. Plaintiff testified that he still experiences pain from the ear to the eye and ringing in the ear.

Dr. Januszka testified, and the bill he sent plaintiff was received into evidence. Bills from the ambulance service, the hospital, and another doctor were admitted into evidence without objection. The court excluded from evidence, however, plaintiff's exhibit 7, which plaintiff identified as a bill he received from the U.S.C. school of dentistry, and it is that ruling which provides the main issue on appeal.[1] Plaintiff testified that prior to the George incident he had an examination and extraction of three teeth at the U.S.C. school of dentistry. He went back to the dentistry school after the incident on the advice of a Dr. Jackson that further dental work would help alleviate the pain in the side of the

[1]There is no merit to defendant's argument that plaintiff should be precluded from raising this issue, on the ground that a plaintiff may not argue "inadequacy of damages" on appeal unless he has first sought a new trial on that basis. (*Schroeder* v. *Auto Driveaway Co.,* 11 Cal.3d 908, 918-919 & fn. 6 [114 Cal.Rptr. 622, 523 P.2d 662].) That principle is inapplicable here, because the gist of plaintiff's contention is not that the jury award is unsupported by the evidence, but rather that the trial court erred in excluding relevant evidence of damages.

jaw or the ear. Thereafter the dentistry school redesigned his teeth so that he would have a normal bite.

Plaintiff testified that exhibit 7 was the bill he received from the U.S.C. school of dentistry and that he had paid the bill. Defense counsel objected to introduction of exhibit 7 into evidence, on the ground there was "no proper foundation." It was a handwritten piece of paper, not on official stationery, itemizing various dental services totaling $1,294, with the name "Andrew M. Lewis, Dental Student," written at the bottom. (See appen. A for a photocopy of plaintiff's exhibit 7.) The court ruled that without further foundation the exhibit would remain for identification only. Plaintiff thereafter offered no additional evidence about the dental services he received.

■ While there is merit to plaintiff's argument that the trial court should have admitted exhibit 7 into evidence, we find that any error in this regard was not prejudicial to plaintiff and does not call for reversal of the judgment.

We think the trial court confused the issues of the admissibility of the document and the weight to be accorded it. ■ Authentication of a writing is required before it may be received in evidence. (Evid. Code, § 1401, subd. (a).) Authentication of a writing is defined as (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is or (b) the establishment of such facts by any other means provided by law. (Evid. Code, § 1400.) If, however, there is sufficient evidence to sustain a finding that the writing is what the proponent claims, the authenticity of the document becomes a question of fact for the trier of fact. (*Chaplin* v. *Sullivan,* 67 Cal.App.2d 728, 734 [155 P.2d 368].)

Had plaintiff merely offered the exhibit into evidence without providing any testimony to authenticate it, the document would not have been admissible. (*Continental Baking Co.* v. *Katz,* 68 Cal.2d 512, 524-526 [67 Cal.Rptr. 761, 439 P.2d 889].) "We understand that in some legal systems it is assumed that documents are what they purport to be, unless shown to be otherwise. With us it is the other way around. Generally speaking, documents must be authenticated in some fashion before they are admissible in evidence." (*Id.,* at p. 525; see also 7 Wigmore on Evidence (3d ed. 1940) § 2148, pp. 605-606.) ■ In this case, however, plaintiff did not merely offer the exhibit on the basis of its contents; he also testified as to the circumstances surrounding the document.

There are, of course, innumerable ways in which a document may be authenticated by circumstantial evidence. (Law Revision Com. comment to Evid. Code, § 1410; see *Interinsurance Exchange* v. *Velji,* 44 Cal.App.3d 310, 318 [118 Cal.Rptr. 596].) In this case plaintiff testified, under oath, that dental services were performed on him at the U.S.C. dental school, that exhibit 7 was the bill he received for those services, and that he paid the bill. This testimony was sufficient evidence of the circumstances surrounding the document to sustain a finding that it was what its contents purported to be, a bill for dental services rendered. The sending of an invoice is a circumstance which normally flows from the performance of professional services. The bill, by referring to the same matters testified to by plaintiff, matters as to which only plaintiff and the party who performed the dental services would likely have knowledge, was authenticated by its contents in light of the circumstances. (Cf. Evid. Code, § 1421; *Chaplin* v. *Sullivan, supra,* 67 Cal.App.2d 728, 734; *People* v. *Roland,* 270 Cal.App.2d 639, 646 [76 Cal.Rptr. 72]; *People* v. *Fonville,* 35 Cal.App.3d 693, 708, 709 [111 Cal.Rptr. 53]; Jefferson, Cal. Evidence Benchbook (1972) § 30.2, p. 544, illus. 4.) The contrary inferences flowing from the facts that the bill was handwritten, not on official stationery, and signed by a student were issues going to the weight of the evidence to be resolved by the jury. (*Chaplin* v. *Sullivan, supra.*)

Defendant contends that in any event the bill was properly excluded from evidence because it is hearsay. In the circumstances of this case this contention lacks merit. Plaintiff testified that the dental services were performed, that he received a bill for them, and that he paid the bill. It has been held that under such circumstances the bill, which ordinarily would constitute inadmissible hearsay, is nevertheless admissible for the limited purpose of corroborating plaintiff's testimony and showing that the charges were reasonable. (*Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33, 42-43 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373]; *Rodgers* v. *Kemper Constr. Co.,* 50 Cal.App.3d 608, 626 [124 Cal.Rptr. 143].)

We conclude, however, that even if exhibit 7 was technically admissible, its exclusion from evidence was not prejudicial to plaintiff because it is not reasonably probable that a different result would have occurred had the document been admitted. (Cal. Const., art. VI, § 13; Evid. Code, § 354; *Smith* v. *Lewis,* 13 Cal.3d 349, 365 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231].) The trial court's ruling was narrowly

limited to the issue of admissibility of the particular document.[2] It did not preclude plaintiff from testifying as to his dental expense or introducing other evidence to show that such expenses should be chargeable to defendant. As we shall point out, plaintiff failed to introduce sufficient evidence to show that the dental work was charge-able· to defendant, and thus the error in excluding exhibit 7 was harmless.

As a necessary element of his case, plaintiff had to show not only that he paid for the dental services and that the amounts charged were reasonable, but also that the dental work was reasonably required as a result of the battery committed by George. (*Dimmick* v. *Alvarez,* 196 Cal.App.2d 211, 215-216 [16 Cal.Rptr. 308]; *Gimbel* v. *Laramie,* 181 Cal.App.2d 77, 81 [5 Cal.Rptr. 88]; *Calhoun* v. *Hildebrandt,* 230 Cal.App.2d 70, 73 [40 Cal.Rptr. 690]. See Jefferson, Cal. Evidence Benchbook, *supra,* § 1.4, pp. 12-13, 19-22.) Unlike *Rodgers* v. *Kemper Constr. Co., supra,* 50 Cal.App.3d at page 626, plaintiff introduced no medical testimony that the dental work was reasonably required as a result of the battery. There was some testimony by plaintiff himself, which was admitted without objection, which tended to show that the dental work was *in part* attributable to the battery.[3] However, no evidence was introduced showing what portion of the dental work or cost was reasonably required as a result of the battery. Some of the dental work, an examination and the extraction of three teeth, was done before the incident. The work done after the incident included "redesign[ing] my teeth so that I would be able to bite normal." There was no showing that plaintiff's abnormal bite did not pre-exist the battery. Thus, only a portion of the dental bill, if any, was chargeable to defendant. Since plaintiff offered no evidence which would have provided a basis upon which to apportion the total dental expense, no dental costs were

---

[2]The court's ruling was: "Without further foundation, Plaintiff's Exhibit No. 7 will remain as Plaintiff's Exhibit No. 7 for Identification."

[3]Plaintiff testified he went to the dental school after the incident "[o]n Dr. Jackson's advice that it would help the pain in the side of the jaw or the ear." He explained, "I complained to [Dr.] Jackson about the difficulty in the ear and on the side of the head, and he said that these things were caused by this incident and he told me to have the occlusion repaired and it would perhaps help the injury.

"Q. So he did tell you that you should go to the dentist because of the injuries you received in this incident?

"A. Yeah, he·did, yeah."

However, in his deposition plaintiff had testified:

"Q. Did you have some injuries to your teeth?

"A. No. On the advice of Dr: Jackson—he says I should have my teeth fixed.

"Q. Was this because of something that happened in the beating?

"A. I don't know. He suggested that I have my teeth fixed for the bite."

recoverable. (*Gimbel* v. *Laramie, supra,* at pp. 81-82; *Calhoun* v. *Hildebrandt, supra.*) Therefore the exclusion of exhibit 7 from evidence was not prejudicial.

Plaintiff also alleges there were numerous instances of perjury at trial. ■ The credibility of witnesses must be determined by the trier of fact, not the appellate court. (See *Stevens* v. *Parke, Davis & Co.,* 9 Cal.3d 51, 67 [107 Cal.Rptr. 45, 507 P.2d 653]; see also *Pico* v. *Cohn,* 91 Cal. 129, 134 [25 P. 970, 27 P. 537].) Moreover, plaintiff fails to show how any of these alleged instances of perjury are relevant to the award of damages.

Plaintiff also contends that two of the photographs admitted into evidence have been switched or tampered with since the trial, and that he had no opportunity previously to contest that issue. This contention is without merit. The record shows that the controversy surrounding defendant's exhibit A, a photograph of plaintiff taken by a police photographer the day after the incident, was fully explored at the trial. The dispute arose in this manner: The police photographer testified that he brought to court his entire file and that it contained only one photograph of plaintiff, which was a left face view. He had no personal recollection, but relying upon his file, concluded that only one photograph was taken. This photograph was admitted into evidence as defendant's exhibit A. Plaintiff thereafter testified that he remembered the photographer's taking two pictures, the left face view, and a frontal view in which his T-shirt was pulled down to show his neck and chest.

In his opening brief, plaintiff now claims that "the photograph presently in evidence as part of the record on appeal doesn't have the T-shirt neck pulled down. Appellant's only explanation for this is either the photograph had been tampered with or switched since the trial, or a different photograph was actually shown to the jury than was originally presented into evidence." This claim is squarely contradicted by the record which shows that the alleged photograph with the T-shirt pulled down was not even produced at trial and that there was no subsequent tampering with evidence.

Plaintiff raises a similar contention as to defendant's exhibits B through G, which were six photographs of the various vehicles involved in this battle between neighbors. Plaintiff claims one of these photographs has been switched. As with his other contentions regarding

perjured testimony and evidence tampering, plaintiff makes no showing that these photographs had any bearing on the issues on appeal.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied October 13, 1977, and appellant's petition for a hearing by the Supreme Court was denied November 10, 1977.

## APPENDIX A

### (Plaintiff's Exhibit 7)

Plaintiffs

10/2/71

| | |
|---|---|
| Oral Surgery including Biopsy | 38 $\frac{00}{}$ |
| Periodontal Surgery | 85 $\frac{00}{}$ |
| Crowns and Bridges | 876 $\frac{00}{}$ |
| Partial Denture | 180 $\frac{00}{}$ |
| Endodontic Therapy | 90 $\frac{00}{}$ |
| Misc registration | 25 $\frac{00}{}$ |

$ 1294 $\frac{00}{}$

Andrew M. Lewis - Dental Student

TYPE OF HEARING
CASE NO. CC-3017
pl'ff EXH. NO. 7
FOR IDENTIFICATION ONLY
DATE JAN 30 1975