UNITED STATES of America, Appellee,

v.

Bruce Wholey PATTEN, a/k/a "Bruce Wholey," Defendant-Appellant.

No. 1505, Docket 87-1019.

United States Court of Appeals, Second Circuit.

Argued Aug. 13, 1987.

Decided Aug. 17, 1987.

Richard A. Stanley, Asst. U.S. Atty. for the S.D.N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., for the S.D.N.Y.., Bruce A. Green, Asst. U.S. Atty., for the S.D.N.Y., of counsel), for appellee.

Richard B. Lind, New York City, for defendant-appellant.

Before WINTER and MAHONEY, Circuit Judges, and RE,* Chief Judge.

PER CURIAM:

Bruce Wholey Patten was indicted on September 25, 1984 on five counts of knowing possession of corporate checks stolen from the mails, in violation of 18 U.S.C. § 1708 (1982). After he failed to appear for arraignment on October 4, 1984, he was declared a fugitive. Ultimately, however, he found his way back to the district court and entered a plea of not guilty on May 9, 1985. Because of pre-trial matters including a change of defense counsel, various periods of time between May 15 and September 17 were excluded by Judge Lowe for purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161, 3163–3168, 3174 (1982 & Supp. III 1986). Trial was set for September 16.

* The Honorable Edward D. Re, Chief Judge for the United States Court of International Trade, sitting by designation.

Patten failed to appear for trial because he was arrested in California on unrelated charges. Proceedings in the district court were accordingly adjourned until after he had pled guilty to the California charges and had been sentenced. He was returned to the custody of the federal government on April 17, 1986. Upon his arrival, the government believed that Patten would enter a plea of guilty. Patten's trial counsel, however, did not interview appellant until June 24, and it was not until July 7 that Patten indicated that he would not proceed by plea. Plea negotiations nevertheless continued for five more weeks, the government's final plea offer being rejected on August 14. Meanwhile, Judge Lowe had taken a vacation from which she did not return until September 2.

On September 18, 1986, the government filed a superseding indictment charging defendant with the same five counts of possession of stolen mail. On September 26, the government moved for the dismissal of the original indictment without prejudice. Patten did not oppose this motion, and Judge Lowe granted it on October 6, 1986.

Selection of a jury for the trial on the superseding indictment began on November 7. On November 12, shortly before the jury was empanelled, the defense, although acknowledging that it had not opposed the dismissal of the original indictment, stated that it "would like the opportunity, should it present itself during the course of this trial," to ask the court to reconsider its dismissal of the first indictment without prejudice "upon a demonstration of prejudice." Appellant was subsequently convicted on each count of the indictment and was sentenced to five concurrent three-year terms of imprisonment that were to run consecutively to the sentence he was to serve in California.

■ Patten, who has obtained new counsel for this appeal, now contends that Judge Lowe erred when she dismissed the original indictment without prejudice and thereby allowed him to be tried on the superseding indictment. This claim, however, has been waived. Having failed to oppose the government's dismissal motion, Patten may not now claim that granting it was error.

Moreover, Patten never made a timely motion for relief under the Speedy Trial Act. That Act expressly provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal" under the Act 18 U.S.C. § 3162(a)(2) (1982); *see, e.g.,* *United States v. Balland,* 779 F.2d 287, 294 (5th Cir.1986); *United States v. Daly,* 716 F.2d 1499, 1506 & n. 5 (9th Cir.1983). No such motion was ever made here. At best, Patten's trial counsel alerted the district court to the fact that he might make such a motion at some time.

■ Finally, even if defense counsel's equivocal statements on November 12 were to be construed as a motion for dismissal, such a motion would have been untimely. As we have repeatedly stated, for the purposes of the Speedy Trial Act, "a jury trial commences at the voir dire," *United States v. Stayton,* 791 F.2d 17, 19 (2d Cir.1986), and any motion based on that Act should have been made no later than November 7.

■ We also reject appellant's contention that Judge Lowe erred when she permitted the introduction of duplicates of the stolen checks. It was not, as appellant suggests, incumbent upon the government to demonstrate that it had conducted a diligent but unsuccessful search for the original checks. Under Fed.R.Evid. 1003, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." However, defendant has not raised a colorable issue about the authenticity of the original checks or the accuracy of the photographs admitted at trial. *See United States v. Georgalis,* 631 F.2d 1199, 1205 (5th Cir. Unit B 1980).

Affirmed.