[No. B020204. Second Dist., Div. Five. May 17, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
MASIMO MATIENSO GARCIA, Defendant and Appellant.

**COUNSEL**

Frank O. Bell, Jr., and Harvey Zall, State Public Defenders, under appointment by the Court of Appeal, Monica Knox, Acting State Public Defender, and Nancy Gaynor, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John R. Gorey and William H. Davis, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, Acting P. J.—By jury trial appellant Masimo Matienso Garcia was convicted of first degree murder with use of a firearm. (Pen. Code, §§ 187, 12022.5.) He admitted a prior conviction of a serious felony (Pen. Code, § 667, subd. (a)) and was sentenced to a total prison term of 32 years to life.

On December 25, 1984, appellant shot and killed the victim at a park at 6th and Gladys. An eyewitness, Osvaldo Machado, observed the killing from a few feet away. Mr. Machado saw appellant arrive in a car. Appellant got out of the car with his hand in a knapsack, while another person remained in the car. Appellant came up to a park bench where the victim was sitting and said, "Pay me the $200." The victim responded, "that he didn't have any money now, that he would pay him when he could." Appellant grabbed the victim by the shirt, but the victim responded, "You're not going to scare me." Appellant pulled a gun out of his knapsack and shot the victim in the thigh and chest, the latter wound being fatal. Appellant retreated to the car and left.

Mr. Machado had seen appellant in the park several times before; he assisted a police artist to make a sketch of the suspect, a copy of which was introduced at trial; he picked appellant's photo out of a photo showup, later introduced at trial; and he positively identified appellant at trial.

Appellant testified in his own defense, denying the crime and claiming that he had been home all day. His alibi was impeached by prior inconsistent statements of appellant and his wife. Appellant was further impeached by his prior conviction of a felony.

Appellant raises three issues on appeal. There is no merit to his contentions that admission of a photograph of the police artist's sketch violated the best evidence rule (Evid. Code, § 1500), or that the trial court failed to exercise its discretion under *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], in determining that appellant could be impeached by his prior felony conviction. Appellant correctly contends, however, that his admission of the prior conviction for purposes of Penal Code section 667 was defective because the record does not contain an adequate explicit enumeration and waiver of his constitutional rights. (*In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561].)

### BEST EVIDENCE RULE

The trial court admitted into evidence People's exhibit 5, a color photograph of a sketch of the suspect, prepared by a police artist with the assis-

tance of the eyewitness. Prior to trial, defense counsel objected to use of the photograph, based on the best evidence rule (Evid. Code, § 1500), and demanded that the prosecutor produce the original of the sketch.[1] The prosecutor replied, "I believe under the new Evidence Code section the People are not required to produce an original of any document . . . unless there is an actual real dispute as to the authenticity of the particular item being used." After hearing argument and the prosecutor's offer of proof, the court overruled the defense objection.

This trial was conducted on January 15, 1986, and obviously the prosecutor was referring to Evidence Code section 1511, as added by Statutes 1985, chapter 100, section 2. Evidence Code section 1511 provides, "A duplicate is admissible to the same extent as an original unless (a) a genuine question is raised as to the authenticity of the original or (b) in the circumstances it would be unfair to admit the duplicate in lieu of the original." A "duplicate" is defined by Evidence Code section 260 as "a counterpart produced by the same impression as the original, or from the same matrix, *or by means of photography,* including enlargements and miniatures, or by mechanical or electronic rerecording, or by chemical reproduction, or by other equivalent technique which accurately reproduces the original." (Italics added.)

As enacted in 1985, section 1511 brings California into line with the Federal Rules of Evidence on the admissibility of duplicates. (Fed. Rules Evid., rule 1003, 28 U.S.C.; 2 Witkin, Cal. Evidence (3d ed. 1986) § 929, pp. 888-889; 17 Pacific L.J. 727 (1986).) This change was advocated by the California Law Revision Commission as early as 1975, because "[t]he development of accurate methods of copying documents and writings and the commonplace use of methods of reproduction which produce copies identical to the original have resulted in a reexamination by the courts and evidence authorities of the need for the production of original writings as required by the 'best evidence rule.' " (13 Cal. Law Revision Com. Rep. (1975) p. 2119; see McCormick on Evidence (3d ed. 1984) pp. 712-714.)

■, ■ Appellant contends (1) the prosecution did not lay a proper foundation for admission of the photograph as a duplicate and (2) it was unfair, within the meaning of Evidence Code section 1511, to use the photograph in lieu of the original sketch. We find no merit to either contention.

■ The foundation for admission of a writing or copy is satisfied by the introduction of evidence sufficient to sustain a finding that the writing

---

[1]Evidence Code section 1500 provides "Except as otherwise provided by statute, no evidence other than the original of a writing is admissible to prove the content of a writing. This section shall be known and may be cited as the best evidence rule." The definition of a "writing" in Evidence Code section 250 would include the sketch.

and copy are what the proponent of the evidence claims them to be. (Evid. Code §§ 1400, 1401; *McAllister v. George* (1977) 73 Cal.App.3d 258, 262 [140 Cal.Rptr. 702].)

Contrary to appellant's contention, the prosecution made such preliminary showing here. The eyewitness testified that he gave a description of the suspect to the police, that he met with a police artist to make a drawing of the suspect, and that he recognized People's exhibit 5 as similar or the same as the sketch he had the artist draw. In addition, a police detective testified that he and the eyewitness met with the police artist, who made a composite drawing of the suspect in his presence, and that he recognized the drawing depicted in exhibit 5.

■ Appellant complains that since the eyewitness described the photograph as similar *or* the same as the sketch, the record is susceptible to an inference the photograph was not completely accurate.[2] The existence of this possible conflicting inference goes to the weight rather than the admissibility of the photograph, because conflicting inferences are for the jury to resolve. (*McAllister v. George, supra,* 73 Cal.App.3d at pp. 262, 263.) The evidence was sufficient to sustain a finding that an original sketch was made and that exhibit 5 was a photograph accurately reflecting it; therefore, the authentication required for admission as a duplicate was satisfied.

■ Under Federal Rule of Evidence 1003, which is identical to Evidence Code section 1511, the *burden is on the opponent* to raise a genuine issue as to authenticity of the original or to show that under the circumstances it would be unfair to use the duplicate in lieu of the original. (*United States v. Shabazz* (11th Cir. 1984) 724 F.2d 1536, 1539; *United States v. Leight* (7th Cir. 1987) 818 F.2d 1297, 1305, disapproved on other grounds in *Huddleston v. United States* (1988) 485 U.S. 681 [99 L.Ed.2d 771, 108 S.Ct. 1496]; *United States v. DiMatteo* (11th Cir. 1983) 716 F.2d 1361, 1368, vacated on other grounds 469 U.S. 1101 [83 L.Ed.2d 767, 105 S.Ct. 769] (1985); *United States v. Georgalis* (5th Cir. 1980) 631 F.2d 1199, 1205; *United States v. Patten* (2d Cir. 1987) 826 F.2d 198, 199; *United States v. Garmany* (11th Cir. 1985) 762 F.2d 929, 938; *United States v. Morgan* (9th Cir. 1977) 555 F.2d 238, 243.) Appellant raised no genuine issue of authenticity at trial. (*United States v. Shabazz, supra; United States v. Patten, supra.*)

---

[2] Despite the claim on appeal that the prosecutor's questions posed to the eyewitness and the detective were phrased ambiguously, appellant's trial counsel chose to cross-examine those witnesses only about other issues. Appellant's objection was raised in a pretrial motion, and the court's ruling was based on the prosecutor's offer of proof "that the witness has looked at this and says this is an accurate reflection of the original composite that was made based upon this description." If there was any genuine issue that the subsequent testimony failed to live up to the offer of proof, defense counsel could have renewed his objection or moved to strike.

■ There is likewise no merit to appellant's contention that in the circumstances of this case it was unfair to use the duplicate. ■ The opponent of the evidence has the burden of showing the unfairness; such a claim must be based on substance, not mere speculation that the original might contain some relevant difference. (*United States* v. *Leight, supra,* 818 F.2d at p. 1305; *United States* v. *Patten, supra,* 826 F.2d at p. 199; *United States* v. *Jarrett* (7th Cir. 1983) 705 F.2d 198, 208.) ■ Appellant made no such showing at trial. On appeal he contends unfairness is shown simply because the police or prosecution had exclusive control of the original and appellant's trial counsel stated he had not seen the original. This would not mandate production of the original. In *United States* v. *Georgalis, supra,* the court stated that the government's exclusive possession for five years of the originals of various letters "raises no issue" of authenticity or unfairness of substituting duplicates for the originals. (631 F.2d at p. 1205.) In the absence of a finding of unfairness there is no requirement that the proponent demonstrate it cannot produce the original. (*United States* v. *Patten, supra,* 826 F.2d at p. 199.)

Recognizing the accuracy of modern methods of reproducing writings, Evidence Code section 1511 relies on the wise discretion of trial courts to determine those particular circumstances in which it is unfair to use a duplicate in lieu of the original. Appellant has not demonstrated that the trial court abused its discretion, therefore we uphold the trial court's ruling.

### Impeachment With Prior Conviction

The trial court ruled that if appellant testified he could be impeached by his 1981 felony conviction of robbery. The record shows the court was well aware of the then recent decision in *People* v. *Castro, supra,* 38 Cal.3d 301, which was specifically cited to the court. *Castro* held that after Proposition 8 a trial court retains discretion pursuant to Evidence Code section 352 to limit the admissibility of a prior felony conviction for impeachment. (*Id.* at pp. 306, 312.)

After the prosecution rested and before appellant testified, the court considered appellant's motion to prevent the use of appellant's prior conviction for impeachment. Defense counsel argued that use of the prior would be prejudicial and that the court should exercise its discretion to exclude the evidence. After asking the date of the prior (1981) and whether appellant served a term in prison (yes) the court stated, "The motion . . . with reference to the prior is denied and it may be admitted in the event the defendant takes the stand . . . ."

■ We find no merit to appellant's contention that the record does not affirmatively show that the court weighed prejudice against probative value.

(See *People* v. *Green* (1980) 27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468].) Cases in which a trial court was unaware of its discretion under *Castro* are not controlling. (*People* v. *Lewis* (1987) 191 Cal.App.3d 1288, 1296 [237 Cal.Rptr. 64], distinguishing *People* v. *Collins* (1986) 42 Cal.3d 378, 389, fn. 9 [228 Cal.Rptr. 899, 722 P.2d 173].) Here, trial occurred after the *Castro* decision was known, the entire discussion on the motion involved discretionary factors, and the record adequately demonstrates the ruling resulted from the exercise of discretion and the weighing of evidence. (*People* v. *Johnson* (1987) 193 Cal.App.3d 1570, 1574-1577 [239 Cal.Rptr. 190]; *People* v. *Clarida* (1987) 197 Cal.App.3d 547, 552-553 [243 Cal.Rptr. 14].) To the extent *People* v. *Flanagan* (1986) 185 Cal.App.3d 764, 770-771 [230 Cal.Rptr. 64], cited by appellant, indicates a trial court must expressly state that it has weighed probative value against prejudice or explicitly state the factors and its assessment of them in making its decision, we disagree with it. (*People* v. *Johnson, supra,* 193 Cal.App.3d at pp. 1576-1577; see *People* v. *Montiel* (1985) 39 Cal.3d 910, 924 [218 Cal.Rptr. 572, 705 P.2d 1248].)

## ADMISSION OF PRIOR CONVICTION

Prior to trial, outside the presence of the jury, appellant admitted his prior conviction of a serious felony. (Pen. Code, § 667, subd. (a).) ■ *In re Yurko, supra,* 10 Cal.3d 857, 862, 863, held that before a court may accept a defendant's admission of a prior felony conviction, the record must contain a specific and express showing on its face of the constitutional rights waived by the admission. The Supreme Court has long made clear that such showing requires express and explicit advisement and waiver of the right to jury trial, the right to confront witnesses, and the privilege against self-incrimination. (*In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Levey* (1973) 8 Cal.3d 648, 653 [105 Cal.Rptr. 516, 504 P.2d 452]; *People* v. *Wright* (1987) 43 Cal.3d 487, 491-492 [233 Cal.Rptr. 69, 729 P.2d 260].) In these matters the Supreme Court has insisted upon strict adherence to specific enumeration and response, rather than inferences to be drawn from the record. (*In re Tahl, supra,* 1 Cal.3d at pp. 130-132; *People* v. *Levey, supra; People* v. *Wright, supra.*) These requirements should be familiar to courts, prosecutors and defense counsel as a matter of routine.

■ Appellant correctly contends that in this case the record does not show advisement of appellant's right to confrontation or appellant's waiver of the right to confrontation and privilege against self-incrimination.[3] Even

---

[3] "[THE PROSECUTOR ]: Mr. Garcia, you have a right to have a separate hearing or trial by jury on these prior convictions. [¶] You do not have to admit that you have suffered these convictions. [¶] You could require that the People prove that you were convicted of these crimes in these cases, and that you are the person that was convicted in those cases. [¶] You

*People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 818 [118 Cal.Rptr. 208], cited by the People for the proposition that the advice need not be in legalistic terms, requires that it be specific. The advice and waiver in this case were not specific enough to meet legal requirements. (*People* v. *Johnson* (1978) 77 Cal.App.3d 866, 876-877 [143 Cal.Rptr. 852]; *People* v. *Pimentel* (1979) 89 Cal.App.3d 581, 588 [152 Cal.Rptr. 519]; *People* v. *Olgin* (1982) 130 Cal.App.3d 184, 186-187 [181 Cal.Rptr. 563].)

The judgment of conviction of first degree murder and use of a firearm is affirmed. That part of the judgment declaring the existence of appellant's prior conviction of a serious felony is reversed. The cause is remanded to the trial court with directions to resentence appellant after a limited new trial on the issue of the prior conviction.

Boren, J., and Kennard, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 10, 1988.

---

would also have a right to present evidence on your own behalf to show that was not true. [¶] You also have a right against self-incrimination, which means you don't have to say anything or admit that these prior convictions are true. [¶] Do you understand all the rights that I have just explained to you, Mr. Garcia?
 "THE DEFENDANT: Yes.
 "[THE PROSECUTOR ]: And at this time do you desire to give up your right to have a jury determine whether or not you were convicted on these cases previously?
 "THE DEFENDANT: Yes.
 "[THE PROSECUTOR ]: And do you admit that you were convicted of robbery, violation of Section 211 of the Penal Code, in case No. A364750?
 "THE DEFENDANT: Yes."