08-5010-cr
USA v. Warren (Dohou)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand ten.

PRESENT:
>       GUIDO CALABRESI,
>       ROSEMARY S. POOLER,
>       DENNY CHIN,
>               *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                              08-5010-cr

Euphrem Dohou,

> *Defendant-Appellant*.

---

FOR APPELLANT:         Euphrem Dohou, *pro se*, Rochester, MN.

FOR APPELLEES:         Peter A. Norling, Shannon C. Jones, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Euphrem Dohou, *pro se*, appeals from an amended judgment of conviction entered October 20, 2008, following a jury trial, convicting him of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of a substance containing marijuana. Dohou was sentenced to 10 years' imprisonment, five years' supervised release, and a $100 special assessment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Dohou argues that (1) the evidence was insufficient to convict him; (2) the Government presented the case "in such an unfounded manner" that Dohou was prejudiced, and it improperly vouched for witnesses in summation; (3) the Government committed a violation under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence that was materially favorable to the defense; (4) his right to a speedy trial was violated; (5) the Government failed to satisfy its burden of establishing proper venue; and (6) he received ineffective assistance of trial counsel.

2

With respect to his sufficiency of the evidence claim, there was ample evidence for a rational fact finder to determine that Dohou was personally responsible for transporting at least four shipments of marijuana, totaling 1,900 pounds of marijuana, and delivering payment for an additional 500 pounds. *See United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008). Accordingly, this claim is without merit.

Dohou's claim that the Government offered false evidence has no basis in fact. The Government's submission of documents and records relating to co-conspirator Luis Jiminez's trip with Dohou went to corroborate Jiminez's testimony about the trip and the different stops they made and when. The Government never stated, or even intimated, that Dohou was present with Jiminez prior to them meeting up in New Jersey, and Dohou cannot demonstrate that these documents were false in any way, or amounted to an improper suggestion.

Similarly, any suggestion that the Government presented false evidence with respect to co-conspirator Valerie Taite's testimony is rejected. To the extent Taite's testimony on direct and cross-examination was contradictory, in that she stated on direct that she did not see Dohou in New York in connection with a December 2003 trip, and then on cross-examination, that she did see Dohou at that time, it was likely the product of confusion or a misunderstanding on her part. Moreover, there is no basis to conclude that the Government knew the testimony was false.

Likewise, the Government did not commit error in its summation.  *See United States v. Smith*, 778 F.2d 925, 929 (2d Cir. 1985).  The arguments raised in closing referred to the testimony that was presented, and asked the jury to draw reasonable inferences from the proffered evidence.  Accordingly, the Government's closing argument was proper.

With respect to Dohou's *Brady* violation claim, the logbook that he contends the Government failed to turn over to him in violation of *Brady* does not meet any of the requirements under the Supreme Court's test.  *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  First, the Government did not have possession of the logbook.  Second, it is not at all clear that the logbook was material to Dohou, in that it cannot be said that there is a reasonable probability that the results of the proceedings would have been different had the logbook been introduced into evidence as Dohou suggests, as Jiminez testified only that Dohou was with him when he picked up the marijuana, not that Dohou was driving.

With respect to Dohou's speedy trial claims, because trial counsel failed to file a pre-trial motion to dismiss the indictment under the Speedy Trial Act, this claim is waived.  *See* 18 U.S.C. § 3162(a)(2) (failure of the defendant to move for dismissal prior to trial shall constitute a waiver of the right to dismissal under this section); *see also United States v. Patten*, 826 F.2d 198, 199 (2d Cir. 1987) (per curiam) (finding

4

Speedy Trial Act argument waived under § 3162(a)(2)). Regardless, even if we were to consider Dohou's Speedy Trial Act claim, a review of the record indicates that the time was properly excluded between Dohou's indictment and his trial, based on numerous factors including: (1) the complexity of the case, in the interest of justice; (2) the allowance for defendants to file pre-trial motions; and (3) for plea negotiations to take place. *See* 18 U.S.C. § 3161(h) (periods of delay that shall be excluded in computing the time within which a trial must commence include delay resulting from any pretrial motion); *United States v. Pena*, 793 F.2d 486, 488-90 (2d Cir. 1986).

Dohou's argument that the Government failed to arraign him on his superseding indictment, and he was prejudiced by the lateness of the filing, is equally unavailing. With respect to Dohou's claim of delay between the jury verdict and his sentence, he has not asserted a viable argument because the reasons for delay were entirely attributable to Dohou, as he was unable to work with multiple attorneys appointed to represent him.

Venue was proper in the Eastern District of New York because there was testimony that Dohou's co-defendant received money at her apartment in Queens, New York, for the purposes of purchasing marijuana as part of the conspiracy. *See United States v. Royer*, 549 F.3d 886, 896 (2d Cir. 2008).

5

Finally, this Court disfavors ineffective assistance claims on direct appeal.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005).  The judgment of conviction is affirmed without prejudice to Dohou raising his ineffective assistance claims in a 28 U.S.C. § 2255 motion.

We have considered Appellant's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk