Filed 12/15/25  Medina v. Grogan CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| DAVID MEDINA, | B346393 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV05058) |
| v. | |
| RIVES GROGAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Karen Moskowitz, Judge.  Reversed with directions.

Steinhart Law Offices and Terran T. Steinhart for Defendant and Appellant.

Ellis Law Corporation, Andrew L. Ellis, Boris Briskin and Ashley Arcos for Plaintiff and Respondent.

# INTRODUCTION

David Medina filed this personal injury action against Rives Grogan. After the trial court struck Grogan's answer and entered his default as a sanction for misuse of the discovery process, Medina filed a request for a default judgment. The court entered judgment against Grogan in the amount of $400,000. Grogan appeals from the default judgment, arguing that Medina failed to present sufficient evidence to support his request for damages and that the judgment exceeded the amount in Medina's statement of damages. We agree Medina did not present sufficient evidence to support $400,000 in damages. Therefore, we reverse the judgment and direct the trial court to allow Medina to prove up his damages again.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Medina Sues Grogan, and the Trial Court Strikes Grogan's Answer as a Discovery Sanction*

In February 2021 Medina filed this action against Grogan and two entities (that are not parties to this appeal), alleging causes of action for negligence and premises liability (which is a form of negligence). Medina alleged that he lived in a second story apartment in a building managed, owned, and maintained by Grogan. Medina alleged the manager ignored Medina's requests to replace a missing window screen. Medina alleged that he "attempted to install the missing screen by climbing out the window to retrieve the window screen that had fallen off" and that he "lost his footing and fell from the second story onto the concrete below." In March 2021 Medina served Grogan with the

2

complaint and a statement of damages seeking general (i.e., noneconomic) damages "[i]n excess of $300,000.00" and special (i.e., economic) damages "[i]n excess of $100,000.00."

In April 2021 Grogan filed an answer to the complaint. In September 2022 the trial court granted Medina's motion to compel discovery responses and ordered Grogan to serve verified responses within 10 days and to pay $984.95 in monetary sanctions within 20 days. After Grogan did not comply with the court's orders, Medina filed a motion for terminating sanctions based on Grogan's misuse of the discovery process in failing to respond to discovery. Grogan, who according to the court appeared "to have abandoned the case," did not oppose the motion. In March 2023 the court granted Medina's motion, struck Grogan's answer, and entered his default.

B.      *The Trial Court Grants Medina's Request for a Default Judgment*

In January 2025 Medina filed a request for a default judgment against Grogan. He requested $188,325.48 in economic damages, $209,281.19 in noneconomic damages, and $2,393.33 in costs, for a total of $400,000. In support of his request for a default judgment Medina submitted a combined summary of the case and memorandum of points and authorities. He also submitted a declaration with exhibits he described as "true and correct copies of bills and records" (approximately 40 pages) from four medical providers.

In his declaration Medina stated that on March 31, 2019 he fell from a second story window while trying to replace a missing window screen in his apartment. He stated that an ambulance took him the hospital, that he was treated for "bilateral elbow

3

fractures," that the next day a surgeon performed "open reduction internal fixation surgery" on both his elbows, and that the hospital discharged him on April 8, 2019. A hospital invoice attached as an exhibit to Medina's declaration reflected charges for inpatient care from March 31, 2019 through April 6, 2019, including the surgery on April 1, 2019. A "transfer of care summary" dated April 8, 2019 stated Medina had a blood transfusion, CT scans, and X-rays. Discharge instructions dated April 8, 2019 showed Medina was diagnosed with "[b]rain concussion; [c]losed fracture of left elbow; [c]omplex laceration of face; [i]njury resulting from fall from height; [o]pen fracture of right elbow;" and a "[t]ooth fracture."

Medina stated that he returned to the hospital "for further evaluation" and that Dr. Jaron Anderson treated him for "lumbar spine sprain" and elbow injuries. According to Dr. Anderson's May 15, 2019 progress notes, the doctor examined Medina, who had been "treated surgically in the hospital for bilateral open olecranon fractures," and had X-rays taken of Medina's elbows, wrist, and thoracic lumbar spine.

Medina said he saw Dr. Lawrence Mora "for an emergency room follow-up," had his "staples and sutures removed," and "received additional treatment until December 27, 2019." According to progress notes by Dr. Mora and a physician's assistant in his clinic, they treated Medina in April 2019 after his hospitalization, once in November 2019, and twice in December 2019.

Medina also stated that, on August 22, 2019, he saw Dr. Babak Samimi "for an orthopedic evaluation" for "pain to [his] neck and elbows" and that Dr. Samimi "recommended further diagnostic imaging, left elbow hardware removal and

4

revision, open reduction and internal fixation ('ORIF'), right elbow revision ORIF and pain management." According to Dr. Samimi's notes, he recommended "a CT scan of the left elbow to better evaluate the malunion site" and "anticipate[d] at a minimum [Medina] will need a hardware removal and revision ORIF." Dr. Samimi stated Medina's right elbow also had "a delayed union/nonunion of his olecranon fracture." Dr. Samimi recommended "monitor[ing] for fracture healing" but stated that, if Medina failed "to heal this fracture," he would "require revision ORIF with possible bone grafting."[1]

Medina stated he had "incurred approximately $188,325.48 in medical expenses." Medina also stated he "suffered permanent facial scarring as a result of the incident."

In February 2025 the trial court entered judgment against Grogan in the amount of $400,000. Grogan filed a notice of intention to move for a new trial, which was denied by operation of law in April 2025. (See Code Civ. Proc., § 660, subd. (c) [if the trial court does not rule on a motion for a new trial within 75 days after notice of entry of judgment, "the effect shall be a denial of the motion without further order of the court"].) Grogan timely appealed from the default judgment.

## DISCUSSION

A.   *Applicable Law*

A ""judgment by default is said to 'confess' the material facts alleged by the plaintiff, i.e., the defendant's failure to

---

[1]   Attached to but not mentioned in Medina's declaration were additional progress notes showing weekly home visits for wound care between August 2019 and October 2019.

5

answer has the same effect as an express admission of the matters well pleaded in the complaint."'" (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282, italics omitted; see *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823.) "The only additional proof required for a default judgment is that needed to establish damages." (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 884.) A plaintiff must "merely establish a prima facie case" for damages. (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361.)

The court has discretion to allow the plaintiff to prove his or her damages through declarations in lieu of testimony. (Code Civ. Proc., 585, subd. (d); Super. Ct. L.A. County, Local Rules, rule 3.201(a) ["[d]etermination of applications for default judgment on declarations . . . is the preferred procedure"].) A trial court must consider evidence submitted in support of a default judgment and, where the plaintiff makes a prima facie showing of damages, the court must award an amount "as appears by the evidence to be just." (Code Civ. Proc., § 585, subd. (b).) We review an award of damages following a default judgment for substantial evidence. (*Kim v. Westmoore Partners, Inc., supra*, 201 Cal.App.4th at p. 288; *Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1150; *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1746.)

B. *Medina Did Not Submit Sufficient Evidence of His Claimed Damages*

Grogan argues Medina did not present sufficient evidence of his damages. We agree with Grogan's conclusion, though not his reasons.

6

First, Grogan argues Medina had to present expert testimony "that defendant's wrongful conduct caused plaintiff's complained of injuries." Grogan is incorrect. Because Grogan was in default, Medina did not have to prove causation or any other aspect of liability. Medina alleged Grogan's failure to replace the missing window screen "proximately cause[d]" Medina's injuries. As discussed, a default has "the same effect as admitting the well-pleaded allegations of the complaint, and as to these admissions *no further proof of liability is required.*" (*Carlsen v. Koivumaki*, *supra*, 227 Cal.App.4th at p. 900.)

Second, Grogan argues Medina had to present expert testimony on "the reasonable value" and "the reasonable necessity" of his claimed medical expenses. True, Medina had to establish the amount of his damages, though not necessarily with expert testimony. Had the trial court not entered Grogan's default, Medina would have had to prove that his medical providers' rates were reasonable and that the medical services were reasonably necessary to treat the injuries he suffered in the fall. (See *Howell v. Hamilton Meats & Provisions, Inc.* (2011) 52 Cal.4th 541, 556 ["plaintiff may recover as economic damages *no more* than the reasonable value of the medical services received"]; *McAllister v. George* (1977) 73 Cal.App.3d 258, 264 [plaintiff must show that "the amounts charged were reasonable" and that the services were "reasonably required as a result of" the defendant's tort].)

But to prove his damages in a default prove-up hearing, Medina had to make only a prima facie showing. (See *Johnson v. Stanhiser*, *supra*, 72 Cal.App.4th at p. 361.) He certainly could do that with testimony by an expert, but he could also do that with testimony by his treating physicians (i.e., non-retained

7

experts) or evidence of what he or an insurer paid for his treatment.  (See *Mai v. HKT Cal, Inc.* (2021) 66 Cal.App.5th 504, 519 ["Testimony that they paid the cost of medical treatment for injuries caused by the defendant is sufficient evidence that such costs were reasonable, and satisfies the plaintiff's initial burden of production."]; *Bermudez v. Ciolek* (2015) 237 Cal.App.4th 1311, 1335 ["the amount paid to settle in full an insured plaintiff's medical bills is likely substantial evidence on its own of the reasonable value of the services provided"]; see also *Pebley v. Santa Clara Organics, LLC* (2018) 22 Cal.App.5th 1266, 1278 [two surgeons who performed the plaintiff's surgery "both offered their opinions concerning the reasonable value of [the plaintiff's] medical care"].)

Finally, Grogan argues that, because Medina was not "the custodian of records of the medical records" attached to his declaration, Medina "was incompetent to present evidence to authenticate those records."  Not necessarily.  A "writing need not be authenticated by a custodian of records declaration signed under penalty of perjury, as the Evidence Code requires only that the proponent introduce evidence sufficient to sustain a finding that the writing is what the proponent claims it to be." (*People v. Hooper* (2019) 40 Cal.App.5th 685, 697; see Evid. Code, § 1400 [a writing may be authenticated by "the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is"]; *People v. Skiles* (2011) 51 Cal.4th 1178, 1188 ["a writing can be authenticated by circumstantial evidence and by its contents"].)

Medina may be able to authenticate some, though not all, of the documents attached to his declaration.  For example, he likely had personal knowledge to authenticate the discharge

8

instructions and "transfer of care summary," which Medina appears to have received when he was discharged from the hospital,[2] and medical bills that were mailed to him. (See *McAllister v. George, supra*, 73 Cal.App.3d at p. 263 [patient authenticated dental bill by testifying "dental services were performed on him at the [university] dental school," that one of his exhibits "was the bill he received for those services, and that he paid the bill"].) But Medina probably could not authenticate his physicians' progress notes, internal hospital records, and bills sent to his attorneys.

But even if Medina authenticated the exhibits to his declaration, he did not present sufficient evidence to support the amount of damages the trial court awarded. In his declaration Medina stated he "incurred approximately $188,325.48 in medical expenses." He did not explain how he arrived at that figure. (See Code Civ. Proc., § 585, subd. (d) [the "facts stated in the . . . affidavits shall be within the personal knowledge of the affiant and shall be set forth with particularity"].) Nor do the documents attached to Medina's declaration shed much light on how he arrived at $188,325.48. Those documents included three invoices: (1) $29,348.50 from California Orthopedic Institute for Medina's surgery and hospitalization from March 31, 2019 to April 8, 2019 and seven outpatient visits between April 30, 2019 and July 12, 2019; (2) $5,046.54 from T.H.E. Health and Wellness Centers for services between January 2019 and December 2019;

---

[2] The transfer of care summary says at the top: "Please take with you to your follow-up appointment with your regular physician."

9

and (3) $2,515 from Samimi Orthopedic Group for treatment on August 22, 2019.  That's $36,910.04, not $188,325.48.[3]

Therefore, even if the medical bills attached to Medina's declaration were properly authenticated and admissible, they would support an award of only $36,910.04 in medical expenses.[4] To recover more than that, Medina must submit additional evidence—either with his declaration, the declaration of another qualified witness, or in properly authenticated documents.  (See *Kim v. Westmoore Partners, Inc.*, *supra*, 201 Cal.App.4th at p. 288 ["'Plaintiffs in a default judgment proceeding must prove they are entitled to the damages claimed.'"]; *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 868 [court must "compare the properly [pleaded] damages for each defaulting party with the evidence offered in the prove-up"]; see, e.g., *Moore v. Mercer* (2016) 4 Cal.App.5th 424, 447, 446 ["plaintiff's testimony that she incurred all the charges reflected on [the plaintiff's list of medical bills] . . . was sufficient to meet her burden of proof" that "she actually incurred liability for the full amount of the doctor and hospital charges"].)

---

[3]    Medina stated in his declaration: "Attached as Exhibit 'A' are true and correct copies of bills and records from California Hospital Medical Center," but there is nothing attached as Exhibit A.  In his brief Medina claims Exhibit A "was an 888 page exhibit attached as a compact disc."  There is no compact disc or 888-page exhibit in the record on appeal:  It is not in Grogan's appellant's appendix, and Medina did not file a respondent's appendix.

[4]    Or nearly $36,910.04.  The invoice from T.H.E. Health and Wellness Centers for $5,046.54 appears to include some charges for services that predated the March 2019 accident.

Therefore, substantial evidence did not support the default judgment. Medina may submit additional declarations based on personal knowledge that state with particularity the facts underlying his claim for damages and properly authenticated documents showing his damages. (See *Barragan v. Banco BCH* (1986) 188 Cal.App.3d 283, 303 [reversing a default judgment where substantial evidence did not support the award of punitive damages and directing the trial court to redetermine the defendant's net worth and to "permit the [the plaintiffs] to submit additional documentary evidence, if necessary, and/or set the case for further proceedings to insure that the judgment is supported by a complete and accurate record"]; *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 386 ["If a court thinks additional evidence is necessary, the case can be continued for further proceedings so the judgment will be supported by complete and accurate information."]; see also *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1000 [court denied the plaintiff's first request for default judgment, "entering an order listing seven specific reasons why," and granted the plaintiff's second request based on the plaintiff's declaration claiming a specific amount in damages].)

## DISPOSITION

The judgment is reversed.  The trial court is directed to give Medina an opportunity to resubmit evidence in support of his request for default judgment.  The parties are to bear their costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

12