[Crim. No. 34981. Second Dist., Div. Four. Aug. 28, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL MARTINEZ, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, Jerry Smilowitz and J. Courtney Shevelson, Deputy State Public·Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari, Juliet H. Swoboda and Cynthia Waldman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KINGSLEY, J.—Defendant was charged with, and after a trial by jury was convicted of: (count I) assault with intent to commit rape, in violation of section 220 of the Penal Code; and (count II) false imprisonment with force and violence, in violation of section 236 of the Penal Code. Use of a deadly weapon was charged and found true as to both counts. Three alleged priors were alleged. He was sentenced as follows: "The defendant, MANUEL MARTINEZ, was convicted by a jury on January 18, 1979 of the crime of assault with intent to commit rape, a violation of section 220 of the Penal Code as set forth in Count I of the Information, a felony, and false imprisonment, a violation of section 236 of the Penal Code as alleged in Count II of the Information, a felony. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said MANUEL MARTINEZ shall be sentenced to State Prison for the reasons stated by the court on the record for the term of three (3) years on Count I and two (2) years on Count II, concurrent to Count I and each Count shall run consective [sic] to the prison sentence the defendant is now serving.

"The defendant MANUEL MARTINEZ was charged with and the jury found to be true that in the commission of the crimes the defendant used a deadly and dangerous weapon as alleged in the Information. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant, MANUEL MARTINEZ, shall be sentenced to State Prison for a term of one (1) additional year and that said sentence shall be served consecu-

tive to the sentence in Count I. The defendant, MANUEL MARTINEZ, has admitted the three prior offenses and the court found to be true as alleged in the Information. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant, MANUEL MARTINEZ, shall be sentenced to State Prison for an additional one (1) year and that each said term shall run consecutive to the other and consecutive to the sentence as to Count I." However, the oral pronouncement of sentences was in the following terms: "Mr. Martinez is also charged with use of a deadly or dangerous weapon, that allegation was found true by the jury, so in accordance with the Penal Code, the Court does hereby sentence Mr. Martinez to an additional and consecutive sentence of one year—which will run consecutively with the sentence heretofore imposed for violation of Section 220 and 236 of the Penal Code—Mr. Martinez has also been convicted of three prior felonies and for each of which he served a term in state prison—and for each one of those priors, the Court does heretofore sentence Mr. Martinez to an additional period—consecutively—so, consecutively to each other, to an additional period of one year for each one of those three prior felony convictions—you understand the sentence, Mr. Martinez?"

■ Since the oral pronouncement controls (*People* v. *Wilshire Ins. Co.* (1977) 67 Cal.App.3d 521 [136 Cal.Rptr. 693]), it follows that defendant was sentenced to three consecutive enhancements for three prior felony convictions. Defendant was given 123 days presentence credit.

On this appeal, defendant does not contend that the evidence does not support the finding of guilt. He contends: (1) that, for various reasons, the enhancement for the priors was improper; (2) that the sentence on count II should have been stayed; and (3) that he is entitled to additional good time/work time credit.

I

The three priors were alleged in the information in the following language:

"PRIOR OFFENSE # 1

"Prior to the commission of the offenses alleged herein, the said MANUEL MARTINEZ was on or about the 21st day of March, 1974, convicted of the crime of violation of section 220 of the Penal Code, assault with intent to commit rape, a felony, in the Superior Court of the State

of California, in and for the County of Santa Clara, and served a term therefor in state prison.

### "PRIOR OFFENSE # 2

"Prior to the commission of the offenses alleged herein, the said MANUEL MARTINEZ was on or about the 8th day of April, 1971, convicted of the crime of violation of section 459 of the Penal Code, burglary, a felony, in the Superior Court of the State of California, in and for the County of Alameda, and served a term therefor in state prison.

### "PRIOR OFFENSE # 3

"Prior to the commission of the offenses alleged herein, the said MANUEL MARTINEZ was on or about the 8th day September, 1970, convicted of the crime of violation of section 459 of the Penal Code, burglary, a felony, in the Superior Court of the State of California, in and for the County of San Luis Obispo, and served a term therefor in the state prison." Defendant admitted the three alleged priors as pled.

(a) ■ It is contended that, because defendant was not expressly advised that he had a right to cross-examine witnesses as to the priors, his admission was invalid under *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]. We cannot read *Yurko* as imposing such a requirement. That opinion directed its attention to the need to advise a defendant of the important consequences of a finding of priors; it nowhere expressly refers to an advisement of any right of cross-examination. We see no reason why such a requirement should be imposed. Proof of priors is made by the introduction of certified records of the prison authorities; no live witnesses are called nor is any proof offered or received except in that form. There are, and in the case at bench there were, no witnesses to be cross-examined.

(b) ■ It is contended that the admission was ineffective since the information did not allege that defendant had served a "prior *separate* prison term" for each alleged prior. In *People* v. *James* (1978) 88 Cal. App.3d 150 [151 Cal.Rptr. 354], it was held that an admission of an allegation which does not contain that element is inadequate to sustain a finding. However, *James* also held that the failure to include such additional allegation is not fatal if "...it appears from the record in some manner that such is the fact or if the court has so found...."

The official documents relied on by the People are before us. They show that defendant was convicted for prior No. 3 on September 8, 1970, and was received in prison on September 26, 1970, with a parole eligibility date of September 26, 1971. The offense set forth in prior No. 2 was committed in February of 1971, he was convicted on April 8, 1971, and was received in state prison for that offense on that same date. While the records before us do not clearly show how he was able to be in Alameda County in February of 1971 to commit the burglary involved in prior No. 2, the parties appear to agree, and we assume, that he had escaped from his custody on the 1970 (prior No. 3) conviction. The records do show that his term on prior No. 2 was fixed as concurrent with that previously imposed on prior No. 3. ■ It is clear, from that record, that defendant did not serve separate sentences on his two priors. Bowing to the express language of subdivision (b) of section 667.5, which prohibits an enhancement for a prior conviction in this case unless a consecutive sentence had been imposed, the People concede that it was improper to impose an enhancement for the 1971 offense (prior No. 2) and that the judgment must be modified to delete that enhancement.

Prior No. 1 was committed in 1974, after defendant had been paroled on his other two convictions. That parole was revoked because of his conviction on prior No. 1 and he was returned to prison to complete his term on that prior together with his new sentence on prior No. 1. On July 21, 1977, defendant's indeterminate sentences were redetermined by the Community Release Board under the determinate sentencing law. In 1978, he escaped and, three days later, committed the present offenses. As noted above, the present sentences run consecutively to the unexpired portions of his other priors.

On that record, it appears that, at the time defendant was sentenced on the present offenses, he had never completed any of the three priors alleged against him in the information. Since an enhancement may only be imposed for separate sentences, separately served, it follows that neither prior No. 1 nor prior No. 3 may properly be used to enhance the sentences for the present offenses. The judgment must be modified accordingly.[1]

---

[1]The Attorney General argues that the result we reach favors an escapee over a person who obediently serves his full term. However, that argument overlooks the fact that the escape, itself is a proper subject for a criminal conviction which, if imposed consecutively, will accomplish the end the Attorney General here seeks to accomplish in the face of a statutory scheme.

858

## II

■ Contrary to the argument of the Attorney General, the two offenses charged in counts I and II involved the same criminal event. The defendant assaulted his victim, dragged her under a bridge and, after he desisted from his attempted rape, held her for a few moments to attempt to convince her not to complain to the police. Under all of the cases applying section 654 of the Penal Code, only one sentence can be served for that sequence of events and the sentence on count II must be stayed. (See *People v. Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11]; *In re Wright* (1967) 65 Cal.2d 650, 655, fn. 4 [56 Cal.Rptr. 110, 422 P.2d 998].)

## III

■ The question of entitlement to good time/work time credits has now been decided by the Supreme Court. (*People v. Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) However, that decision does not require action by this court in this opinion. The Supreme Court said: "It is unnecessary, however, to remand this defendant and others who have already been sentenced for new sentencing proceedings to determine the additional credit to which they may be entitled. The Department of Corrections should make available to such prisoners an administrative procedure by which to ascertain their entitlement to conduct credit." (P. 509.)

The judgment is modified: (1) to delete the enhancements for prior felonies; and (2) to provide that the sentence imposed on count II be stayed pending the completion of the sentence on count I as so modified; such stay to become permanent thereafter. As so modified, the judgment is affirmed without prejudice to an administrative award of behavior credits based upon presentence custody.

Files, P. J., and Wenke, J.,* concurred.

A petition for a rehearing was denied September 23, 1980, and respondent's petition for a hearing by the Supreme Court was denied November 12, 1980. Manuel, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.