[Crim. No. 22922. First Dist., Div. Three. Feb. 19, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY PAUL OLGIN, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Carol Jean Ryan, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WHITE, P. J.**—Defendant and appellant Anthony Paul Olgin appeals from the judgment of the Superior Court of Contra Costa County entered after a jury found him guilty of a violation of Penal Code section 459 (burglary). Appellant's sole contention on appeal is that he was not advised, and therefore did not waive, his constitutional right to confrontation before admitting two prior felony convictions.

■    Before an accused can validly admit a prior felony conviction, he must be advised of, and waive, the "same constitutional rights waived as to a finding of guilt in case of a guilty plea," i.e., his right to jury trial, confrontation and against self-incrimination. (*In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561].) In addition, the accused must be advised of the legal consequences of his admission. (*Id.*, at p. 864.)

The People apparently cite *People v. Martinez* (1980) 109 Cal.App. 3d 851 [167 Cal.Rptr. 477], for the proposition that it is not necessary that an accused be advised of his right to confrontation before admitting a prior felony conviction. In *Martinez*, the court stated: "It is contended that, because defendant was not expressly advised that he had a right to cross-examine witnesses as to the priors, his admission was invalid under *In re Yurko* (1974) 10 Cal.3d 857 .... We cannot read *Yurko* as imposing such a requirement. That opinion directed its attention to the need to advise a defendant of the important consequences of a finding of priors; it nowhere expressly refers to an advisement of any right of cross-examination." (*Id.* at p. 856.)

The court in *Martinez* does not indicate whether the defendant was in fact advised of his right to confrontation. It should be noted that the right to cross-examine is only a portion of the constitutional right of a defendant to confront the witnesses against him. (*Herbert v. Superior Court* (1981) 117 Cal.App.3d 661, 667, 671 [172 Cal.Rptr. 850].) In *Yurko*, the California Supreme Court expressly stated that a defendant admitting the truth of a prior felony conviction must be advised of his right to confrontation. (*In re Yurko, supra*, at p. 863, fn. 5; see also *In re Foss* (1974) 10 Cal.3d 910, 930 [112 Cal.Rptr. 649, 519 P.2d 1073].) The decision in *Martinez* makes sense only if the opinion is read as dealing solely with advisement of the right to cross-examination and not the right of confrontation. The opinion in *Martinez* read in this manner is consistent with *Yurko* and other opinions which have held that an accused must be advised of his right to confrontation before admitting a prior felony conviction. (*People v. Keating* (1981) 118 Cal.App.3d 172, 182-183 [173 Cal.Rptr. 286]; *People v. Hernandez* (1979) 100 Cal.App.3d 637, 642 [160 Cal.Rptr. 607]; *People v. Pimentel* (1979) 89 Cal.App.3d 581, 586-588 [152 Cal.Rptr. 519].)

The People also contend that the admonition of appellant fulfilled the *Yurko* requirement that he be advised of and waive his right to confrontation. The People rely on the following statement as indicating an

adequate advisement of the right to confrontation: appellant was informed of and waived his privilege against self-incrimination; appellant was told that at a trial on the priors he would have all the rights of a jury trial; appellant was informed he could present evidence in his own behalf; and appellant was told that he was giving up the right to have the prosecution prove the truth of the priors beyond a reasonable doubt by trial to a jury.

"We strongly emphasize, however, a court must make 'express and specific admonitions as to the constitutional rights waived by an admission.'" (*People v. Keating, supra*, 118 Cal.App.3d 172, 183.) The recitation of rights may be in "'nonlegalistic terms comprehensible to a layman unschooled in legalistic verbiage, if only it is specific. The recitation suffices if it communicates to the defendant the essential character of the constitutional privileges in lay language, provided the message does not require resort to inference.'" (*People v. Johnson* (1978) 77 Cal.App.3d 866, 876 [143 Cal.Rptr. 852].) In *People v. Pimentel, supra*, 89 Cal.App.3d 581, 586-587, footnote 3, 588, the court considered a similar admonition as appellant received in the instant case and held that it was insufficient without resort to inference.

Since in the present case appellant was not specifically and expressly advised of his right to confrontation before he admitted his prior felony convictions, we find that the trial court committed reversible error in accepting appellant's admissions of the two convictions.

The judgment convicting appellant of burglary is affirmed. That part of the judgment declaring the existence of appellant's prior convictions is reversed. The case is remanded to the trial court with directions to resentence appellant after a limited new trial on the issue of the prior convictions.

Scott, J., and Feinberg, J., concurred.