[No. H007214. Sixth Dist. May 7, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
BRANDON STRAIGHT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

Catherine C. Czar for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John Sugiyama, Assistant Attorney General, Stan F. Helfman and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**BAMATTRE-MANOUKIAN, J.**—Defendant Brandon Straight was convicted by a jury of assault with intent to commit rape and felony false imprisonment. He was sentenced to the upper term of six years for assault; his sentence for false imprisonment was stayed pursuant to Penal Code section 654. On appeal, he contends (1) the trial court failed to inquire into a conflict of interest which burdened his counsel at trial, and (2) he was improperly convicted of false imprisonment because the confinement was incidental to and did not significantly increase the risk of harm to the victim over and above the assault. We disagree and affirm.

The victim in this case worked at a fabric store in a Milpitas shopping center. One afternoon at 3 p.m. she left the store on her afternoon break and

intended to walk to a drug store in the shopping center. On her way to the drug store defendant came up behind her, pressed himself against her back and covered her mouth with his right hand. His left hand then squeezed the victim's breast and touched her vaginal area. The victim struggled, and defendant twice told her to be quiet. Defendant then forced the victim two or three steps toward a nearby alley. The victim was able to pull the hand from her mouth and screamed, "no" and, "help." Defendant then let the victim go and defendant ran away. Jeff Welch heard the victim's screams and apprehended defendant.

. . . . . . . . . . . . . . . . . . . . . . . . . . .*

## CONVICTION FOR FALSE IMPRISONMENT

Felony false imprisonment is false imprisonment "effected by violence, menace, fraud, or deceit, . . ." (Pen. Code, § 237.)

■ Defendant's contention is that his conviction for false imprisonment is invalid under *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677].

*Daniels* addressed the scope of Penal Code section 209, a statute proscribing what is commonly referred to as aggravated kidnapping. Subdivision (b) of the statute applies to "[a]ny person who kidnaps or carries away any individual to commit robbery . . . ."

*Daniels* held that the Legislature did not intend Penal Code section 209 to apply to offenses no more than a "standstill" robbery or where the movement of the victim was merely incidental to the robbery and did not substantially increase the risk of harm to the victim. (*People* v. *Daniels, supra,* 71 Cal.2d at p. 1139.)

Defendant acknowledges that the *Daniels* rule requiring the elements of a movement not merely incidental to and substantially increasing the risk of harm over and above the underlying robbery does not apply to the offense of simple kidnapping proscribed by Penal Code section 207. (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 598-599 [114 Cal.Rptr. 250, 522 P.2d 1058].) He also acknowledges that false imprisonment is a lesser-included offense of all types of kidnapping. (*People* v. *Martinez* (1984) 150 Cal.App.3d 579 [198 Cal.Rptr. 565].) He, nevertheless, rejects the People's compelling logic that

*See footnote, *ante,* page 1372.

"[a] fortiori, *Daniels* is inapplicable to the lesser offense of false imprisonment."

Defendant relies upon *People* v. *Moreland* (1970) 5 Cal.App.3d 588, 594-595 [85 Cal.Rptr. 215] ("much of the reasoning which supports *Daniels*, would also negative the possibility that a false imprisonment which is merely incidental to some other crime, is a separate offense."). That case, however, is not persuasive. Its comment concerning *Daniels* was dictum and made before *People* v. *Stanworth*, *supra*, 11 Cal.3d 588, clarified that the *Daniels* rule did not apply to simple kidnapping.

Defendant's fallback position is that felony false imprisonment is more closely related to aggravated kidnapping than to simple kidnapping. This argument ignores the reasoning of *Stanworth*.

*Stanworth* emphasized that the *Daniels* rule is uniquely suited to Penal Code section 209. (*People* v. *Stanworth*, *supra*, 11 Cal.3d at pp. 600-601.) It noted that the rule concerns one type of kidnapping which, by definition, involves the underlying offense of robbery, and contemplates an increase in the risk of harm over and above that present in a robbery.

Like simple kidnapping, felony false imprisonment can occur in the absence of robbery or any other crime.

We recognize that felony false imprisonment requires more harm than misdemeanor false imprisonment, and aggravated kidnapping poses more risk of harm than simple kidnapping. It does not follow, however, that felony false imprisonment is therefore an equivalent of aggravated kidnapping. Moreover, the type of transgressions underlying felony false imprisonment (violence, menace, fraud, or deceit) are distinct from that underlying aggravated kidnapping (robbery).

We, therefore, decline to extend the *Daniels* rule to felony false imprisonment.

The judgment is affirmed.

Agliano, P. J., and Capaccioli, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 17, 1991.