[No. E007785. Fourth Dist., Div. Two. June 14, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK EILERS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B.

**COUNSEL**

Robison D. Harley, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van De Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Janelle B. Davis and Joyce N. Burnett, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

McKINSTER, J.—Following a jury trial, the defendant appeals from a judgment of conviction of assault with a deadly weapon. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Using a fishing knife, the defendant inflicted three lacerations to the neck and chin of the prosecuting witness, Mr. Waiter, ranging from three and one-half to about eight inches in length. Waiter claimed that the defendant had attacked him without warning or provocation. The defendant testified that, to the contrary, he had slashed Waiter to defend himself against Waiter's sudden attack on the defendant.

The defendant was charged with attempted murder (Pen. Code, §§ 664 and 187, subd. (a)) and attempted robbery (Pen. Code, §§ 664 and 211). It was further alleged that the defendant committed those offenses while using a dangerous weapon and while inflicting great bodily injury.

Following a jury trial, the defendant was found guilty of assault with a deadly weapon as a lesser offense related to the charge of attempted murder, but not guilty of the attempted robbery charge. The jury also found the allegation that the defendant had intentionally inflicted great bodily injury during the commission of that assault to be true.

### ISSUES

Whether the trial court erred (1) by giving lesser included offense instructions over the defendant's objections, or (2) by permitting testimony regarding alleged domestic violence between the defendant and his wife which was unrelated to the offenses charged.

### DISCUSSION

### A. THE ALLEGED INSTRUCTIONAL ERROR

The defendant contends that the trial court erred by instructing the jury regarding several lesser included offenses even though the defense had specifically requested that no such instructions be given. We find no error.

#### 1. *Facts and Contentions*

During a break in the middle of the trial, the trial court advised the defense that it believed that it had a sua sponte duty to instruct the jury

regarding lesser included offenses. Two days later, at the conclusion of the trial, the defendant expressly objected to any instructions being given concerning any lesser included offenses. However, the trial court again opined that it was obligated to give those instructions despite the defendant's objections, and advised that it would be instructing as to both assault and attempted voluntary manslaughter. In response to that ruling, the defense requested that the court also instruct the jury regarding assault with a deadly weapon as a lesser related offense.

The defendant appears to make four arguments to support his claim that the instructions should not have been given: (1) that the lesser included offenses were not supported by the evidence; (2) that the lesser included offenses were both inconsistent with and prejudicial to the defendant's theory of defense; (3) that a defendant has a right to prevent instruction regarding lesser included offenses; and (4) that assault with a deadly weapon is a lesser related offense, not a lesser included offense.

### 2. The Duty to Instruct Regarding Lesser Included Offenses

Preliminarily, we review the general rules regarding the trial court's sua sponte duty to instruct the jury regarding lesser included offenses.

■ "The trial court functions . . . as the jury's guide to the law. This role requires that the court fully instruct the jury on the law applicable to each particular case." (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 323 [185 Cal.Rptr. 436, 650 P.2d 311].) "It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence." (*People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].)

■ "That obligation has been held to include giving instructions on lesser included offenses . . . ." (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on another ground in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].) "[T]he trial court has a sua sponte obligation to give instructions on necessarily included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present and there is evidence that would justify a conviction of such a lesser offense . . . ." (*People* v. *Bunyard* (1988) 45 Cal.3d 1189, 1232 [249 Cal.Rptr. 71, 756 P.2d 795].) As long as such evidence is present, "[t]he obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given." (*Sedeno, supra,* 10 Cal.3d at p. 716.) "The fulfillment of this obligation ensures that the jury will consider the full range of possible verdicts—not

limited by the strategy, ignorance, or mistakes of the parties." (*Wickersham, supra,* 32 Cal.3d at p. 324.)

### 3. *There Is Substantial Evidence to Support the Lessers*

■ In arguing that the evidence did not justify the instructions regarding any lesser included offenses, such as assault, the defendant apparently reasons as follows: (1) the theme of the defendant's defense was that the knife wounds were inflicted on the victim in self-defense; (2) by acquitting the defendant of the charge of attempted murder, the jury must have accepted that explanation; (3) the jury could not have accepted that defense as to the attempted murder charge without also accepting it as to all lesser included offenses; therefore, (4) there was no factual basis for a guilty verdict as to any lesser included offense.

We cannot accept this logic. First of all, the fact that the jury failed to convict the defendant of the attempted murder charge does not necessarily mean that they believed that the defendant had acted in self-defense. The acquittal could have been based on a reasonable doubt concerning the existence of one of the elements of the crime unrelated to self-defense, such as an intent to kill Mr. Waiter.

Second, the standard governing the court's obligation to instruct regarding a particular lesser included offense is whether there is some substantial evidence to indicate that the defendant may be not guilty of the greater offense but guilty of the lesser offense. (*Wickersham, supra,* 32 Cal.3d at pp. 323-325.) The failure of the jury to convict on the greater offense does not perforce render that evidence insubstantial as to the defendant's guilt of the lesser included offense.

Finally, the defendant confuses the time at which the evaluation of the existence of "substantial evidence" is to be made: i.e., at the end of the trial when the jury is ready to be instructed. In deciding whether to instruct regarding a lesser included offense, a trial court cannot wait to see whether the jury convicts the defendant on the greater offense. Nor can an appellate court, reviewing the trial court's decision, consider events which occurred after the decision was made.

### 4. *The Lesser Included Offenses Are Not Inconsistent With the Defense*

■ The defendant next argues that the instructions on the lesser included offenses should not have been given because they were inconsistent with

defense's theory of the case. In doing so, he contends that a trial court may not, over a defendant's objection, give an instruction on a lesser included offense which is supported by the evidence but which is inconsistent with the theory of the defense, citing *People v. Sedeno, supra,* 10 Cal.3d 703.

This argument fails because the defendant improperly equates the duty to instruct regarding *defenses* (which was the subject of the passage in *Sedeno* upon which he relies) with the duty to instruct regarding lesser included *offenses* (which the same passage expressly distinguishes): "Unlike the rule obliging the court to instruct on lesser included offenses . . . whenever there is 'any evidence deserving of any consideration whatsoever' [citation], the duty to give instructions, *sua sponte,* on particular defenses and their relevance to the charged offense arises only if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." (*Sedeno, supra,* 10 Cal.3d at p. 716.)[1]

Thus, a defendant may exercise some control over the trial court's instructions regarding inconsistent defenses,[2] but has no similar control over supposedly inconsistent lesser included offenses. "When the charged offense . . . encompasses lesser offenses, and there is evidence from which the jury could conclude that the lesser offense had been committed, the court must instruct on the alternate theory even if it is inconsistent with the defense elected by the defendant under the rule obliging the court to instruct on lesser included offenses . . . ." (*Sedeno, supra,* 10 Cal.3d at p. 717, fn. 7.)[3]

[1]Applying its analysis in *People v. Flannel, supra,* 25 Cal.3d at pages 684-685, footnote 12, the Supreme Court in *People v. Wickersham, supra,* 32 Cal.3d at pages 324-325, held that the sua sponte duty to instruct regarding lesser included offenses arises only upon the admission of substantial evidence, not merely any evidence as it had said in *Sedeno.* Contrary to the defendant's contention at oral argument, however, that clarification did not eliminate the distinction between the trial court's duty to instruct regarding lesser included offenses as opposed to defenses.

[2]This exception most often applies in those situations in which the defendant denies being involved in the incident at all, such as defenses based upon alibis or mistaken identity. (Cf. *People v. Geiger* (1984) 35 Cal.3d 510, 531-532 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].) In those instances, instructions regarding another defense, such as self-defense, would be inconsistent with, and thus prejudicial to, the defense chosen by the defendant.

[3]The defendant cites *People v. Hooper* (1986) 181 Cal.App.3d 1174, 1183 [226 Cal.Rptr. 810], which states in dicta that it is proper for a trial court to decline to instruct on a lesser included offense "when an instruction on a lesser included offense would be inconsistent with the defendant's theory of defense," citing *People v. Wickersham, supra,* 32 Cal.3d at pages 324-326. To the same effect is *People v. Bobb* (1989) 207 Cal.App.3d 88, 91 [254 Cal.Rptr. 707], which cites *People v. Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613]. We do not read either *Wickersham* or *Ramkeesoon* as departing from *Sedeno* on this point, and thus decline to follow *Hooper* and *Bobb.*

Here, the instructions at issue concerned lesser included offenses, not alternative defenses. Thus, the trial court properly gave those instructions despite their alleged inconsistency with the defendant's chosen theory of defense.

### 5. *A Trial Court Must Instruct Regarding Lesser Included Offenses Despite a Defendant's Objection*

The defendant argues that a trial court need not, and indeed may not, instruct regarding lesser included offenses if the defendant objects. He attempts to support this contention with three different arguments, none of which we find persuasive.

First, he cites to the Supreme Court's statement that under the doctrine of "invited error," a trial court's sua sponte obligation to instruct on the applicable law "could be negated only in that special situation in which the defense counsel deliberately and expressly, as a matter of trial tactics, objected to the rendition of an instruction." (*People* v. *Graham* (1969) 71 Cal.2d 303, 318 [78 Cal.Rptr. 217, 455 P.2d 153], explaining its holding in *People* v. *Phillips* (1966) 64 Cal.2d 574, 580-581, fn. 4 [51 Cal.Rptr. 225, 414 P.2d 353].) Relying on this indication that the trial court's duty to give an instruction may be "negated" by defense counsel's objection, he argues that upon his counsel's objection, the trial court's "sua sponte obligation to instruct [on lesser included offenses] was nullified." He concludes that the trial court's insistence on giving those instructions despite the lack of a duty to do so constituted reversible error.

We cannot agree. The defendant's interpretation of *Graham* is literally accurate but substantively incorrect. Contrary to the implication given by its imprecise reference to the trial court's duty being "negated" by the defendant's objection, the *Graham* court was not holding that the duty to instruct was contingent upon the defendant's acquiescence in those instructions. Rather, *Graham* was defining those situations in which the errors by the trial court could not be relied upon by the defendant to justify a reversal because the commission of those errors had been "invited" by the defendant himself. ▮▮ Despite an objection, the sua sponte duty to instruct is still in force,[4] and the failure to instruct is still error. The only effect of the

---

[4]"The obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given." (*People* v. *Sedeno, supra,* 10 Cal.3d at p. 716, fn. omitted; *People* v. *Wickersham, supra,* 32 Cal.3d at p. 330, fn. 8; accord, *People* v. *Duncan* (1991) 53 Cal.3d 955, 969 [281 Cal.Rptr. 273, 810 P.2d 131].) While the defendant has urged us to follow contrary language in *People* v. *Helton* (1984) 162 Cal.App.3d 1141, 1146 [209 Cal.Rptr. 128], and *People* v. *Allums* (1975) 47 Cal.App.3d 654, 663 [121 Cal.Rptr. 62] (overruled on another ground in *People* v. *Wheeler* (1978) 22 Cal.3d 258, 287 [148 Cal.Rptr. 890, 583 P.2d 748]), we decline to do so.

defendant's objection is to render that error "invited" and therefore nonreversible. Thus, *Graham* does not support the defendant's contention that he had a right to prevent the trial court from instructing on lesser included offenses.

Second, he contends that, on a general policy basis, a defendant should have the right to prevent the trial court from instructing on lesser included offenses. He notes that instructions as to lesser *related* offenses may only be given with the defendant's consent. (*People* v. *Geiger, supra*, 35 Cal.3d at p. 526.) He argues that the "same due process and fundamental fairness concerns which give appellant the right to permit or preclude jury consideration of lesser related offenses should give appellant the right to permit or preclude jury consideration of lesser included offenses." However, this contention fails to take into account the reason for the distinction drawn between included offenses and related offenses.

Trial courts have a sua sponte duty to instruct regarding lesser included offenses because neither the defendant nor the People have a right to incomplete instructions. "The requirement of instructions on lesser included offenses is based on the elementary principle that the court should instruct the jury on every material question. [Citation.] The state has no interest in a defendant obtaining an acquittal where he is innocent of the primary offense charged but guilty of a necessarily included offense. Nor has the state any legitimate interest in obtaining a conviction of the offense charged where the jury entertains a reasonable doubt of guilt of the charged offense but returns a verdict of guilty of that offense solely because the jury is unwilling to acquit where it is satisfied that the defendant has been guilty of wrongful conduct constituting a necessarily included offense. Likewise, a defendant has no legitimate interest in compelling the jury to adopt an all or nothing approach to the issue of guilt. Our courts are not gambling halls but forums for the discovery of truth." (*People* v. *St. Martin, supra*, 1 Cal.3d at p. 533; *People* v. *Geiger, supra*, 35 Cal.3d at pp. 519-520.)

This rationale applies equally to all lesser offenses, and thus suggests that trial courts should have a comparable duty to instruct regarding lesser *related* offenses as well. However, conflicting due process considerations require that instructions on related offenses be given only with the defendant's consent. " ' "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial. [Citations.]" ' [¶] Where, however, the defendant himself requests the instruction on a related offense there is no constitutional bar. Obviously, such a defendant cannot claim lack of notice." (*People* v. *Geiger, supra*, 35 Cal.3d at p. 526.)

Thus, while there are substantial constitutional impediments to allowing instructions regarding lesser related offenses to be given over the defendant's objections, those impediments do not extend to lesser included offenses. To the contrary, there are strong policy reasons why a defendant should not be able to exclude instructions regarding lesser included offenses. Accordingly, the defendant's contention that both should be governed by the same rule is untenable.

### 6. *The Assault With a Deadly Weapon Instruction Was Proper*

■ As an alternative to his contention that the instructions regarding lesser included offenses should not have been given, the defendant argues that assault with a deadly weapon is only a lesser related (as opposed to included) offense, and thus an instruction on that offense should not have been given over his objection.

This alternative fails as well. As the People point out, the defendant cannot complain about the prejudicial effect of an instruction which the defendant himself requested. In reply, the defendant contends that the doctrine of invited error, upon which the People rely, does not apply to "defensive acts," i.e., when the "invitation" is extended by the defendant only as a result of, and in an attempt to mitigate the harm from, some erroneous ruling by the trial court. That exception applies here, he argues, because the request that the jury be instructed on assault with a deadly weapon was made in response to the trial court's decision to instruct regarding the lesser included defenses of manslaughter and assault.

The rationale behind the defensive acts doctrine is that a defendant should not lose his right to contest an erroneous ruling by the trial court merely because the defendant thereafter acts prudently to mitigate the adverse effects of that ruling. Here, the doctrine does not apply, because the decision by the trial court to instruct as to the lesser included offenses was not erroneous. Since there was no error to "defend" against, the defendant cannot avoid the consequences of his request that the jury be instructed regarding assault with a deadly weapon.

### B.   THE EVIDENTIARY ISSUE*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

*See footnote, *ante*, page 288.

## DISPOSITION

The judgment is affirmed.

Dabney, Acting P. J., and Timlin, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 28, 1991.