[No. B081571. Second Dist., Div. Seven. May 30, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
KAMAL MATIAN, Defendant and Appellant.

In re KAMAL MATIAN on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published are: Introduction, part II of the Discussion and Disposition.

482

**Counsel**

Dennis A. Fischer and John M. Bishop for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sharon Wooden-Richard and Brad D. Levenson, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**JOHNSON, J.**—A jury convicted appellant, Kamal Matian, of sexual battery by restraint, felony false imprisonment and genital penetration with a

foreign object. Appellant appeals his convictions contending: (1) The trial court erred in denying his motion for new trial based on the introduction of false evidence at trial and the prosecution's withholding of material evidence; (2) insufficient evidence supports the felony false imprisonment conviction; (3) the information failed to give adequate notice of, and insufficient evidence supports, the conviction for genital penetration with a foreign object. Appellant also filed a petition for writ of habeas corpus which we agreed to consider together with his appeal. The petition alleges a violation of due process based on the introduction of false evidence at trial and the prosecution's withholding of material evidence tending to show the victim had a pecuniary interest in the outcome of the trial.

We conclude there was insufficient evidence of false imprisonment by violence or menace to support the conviction for felony false imprisonment. We therefore modify the judgment of conviction to reflect a conviction of the lesser included offense of misdemeanor false imprisonment. As modified, we affirm the judgment. We also deny the petition for writ of habeas corpus.

### FACTS AND PROCEEDINGS BELOW*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I. *It Was Not Error to Deny Appellant's Motion for New Trial.\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *There Was Insufficient Evidence of Violence or Menace to Convict Appellant of Felony False Imprisonment.*

 Appellant argues his conviction for felony false imprisonment must be reversed for insufficient evidence to establish the restraint was accomplished by "violence or menace."

 On appeal the critical inquiry is "to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 318-319 [61 L.Ed.2d 560, 573, 99 S.Ct. 2781].) An appellate court "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the

---

*See footnote, *ante*, page 480.

defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) In reviewing the evidence, our perspective favors the judgment. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].)

▮ Penal Code section 236 defines the crime of misdemeanor false imprisonment as ". . . the unlawful violation of the personal liberty of another." Appellant concedes for purposes of argument the evidence is sufficient to establish the lesser offense. The evidence established he prevented Olga E. from leaving by grabbing her wrist, yelling at her not to go and by thwarting her attempts to leave by glaring and approaching her every time she tried to get out of her chair.

The crime of false imprisonment becomes a felony "[i]f such false imprisonment be effected by violence, menace, fraud, or deceit . . . ." (Pen. Code, § 237.)

At trial, defense counsel expressly, on the record, and with appellant's concurrence, objected, for tactical reasons, to any instructions on lesser offenses to the felony false imprisonment charge. The trial court did not instruct on misdemeanor false imprisonment.[4] Thus, the jury was given the classic "all or nothing" choice of acquittal or conviction of the greater charge. The jury voted to convict.

The jury was instructed on felony false imprisonment which included a definition of "violence." ▮▮ "Violence" in this context means " 'the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint.' " (*People* v. *Babich* (1993) 14 Cal.App.4th 801, 806 [18 Cal.Rptr.2d 60], quoting CALJIC No. 9.60, italics omitted.) The jury was also instructed on the definition of "menace" as " 'a threat of harm express or implied by word or act.' " (*People* v. *Babich, supra,* 14 Cal.App.4th 801, 806, quoting CALJIC No. 9.60.) The elements of fraud or deceit were not implicated in the case at bar.

On appeal, appellant contends due to the insufficiency of the evidence of either "violence" or "menace," his felony conviction must be reversed and

---

[4]This was error on the trial court's part. It had a sua sponte duty to instruct on lesser included offenses supported by the evidence, even over objection. (See, e.g., *People* v. *Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *Eilers* (1991) 231 Cal.App.3d 288, 295, fn. 4. [282 Cal.Rptr. 252]) Appellant, of course, does not raise any issue of the trial court's duty to instruct. Based on his on-the-record objection to any instructions on lesser included offenses, the instructional error would be deemed "invited" and therefore not cognizable on appeal. (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 330 [185 Cal.Rptr. 436, 650 P.2d 311]; *People* v. *Graham* (1969) 71 Cal.2d 303, 317 [78 Cal.Rptr. 217, 455 P.2d 153].) Neither appellant nor the People discuss this underlying issue at all.

double jeopardy bars retrial of the charge. Appellant does not discuss any other remedy than reversal. The People's response is there was adequate evidence of menace to support the conviction.

The evidence supporting the conviction for felony false imprisonment consists of the just completed sexual assaults during which appellant squeezed Olga E.'s breast sufficiently hard to cause her pain, and possibly even bruising. She testified after the ordeal she had her husband take photos of her breast but the photos did not turn out. After the assaults she prepared to go by gathering up her bookbag. Appellant then grabbed her arm and yelled at her not to go. He yelled at her, "nothing happened" and told her to go wash her face. She then retreated to a chair and appellant went into an office nearby within view of Olga E.. Each time she got up from her chair, appellant glared at her and got up out of his chair to approach her. She testified she was afraid, did not want him to touch her again and sat back down.

The People, by arguing this constitutes adequate evidence of menace to support the conviction, tacitly agree the evidence is insufficient to establish appellant grabbing her arm constitutes "violence," i.e., use of "force . . . over and above the force reasonably necessary to effect such restraint." (*People* v. *Babich*, *supra*, 14 Cal.App.4th at p. 806; see, e.g., *People* v. *Fernandez* (1994) 26 Cal.App.4th 710 [31 Cal.Rptr.2d 677] [evidence defendant held the victim down while others subjected him to several kicks and blows to the head with a bicycle lock supported a finding of false imprisonment by violence].)

The reported decisions upholding convictions for felony false imprisonment involving menace generally fall into two categories. In the first category of cases there was evidence the defendant used a deadly weapon to effect the false imprisonment. For example, in *People* v. *Saffle* (1992) 4 Cal.App.4th 434 [5 Cal.Rptr.2d 648], the defendant held a knife to the victim's throat and instructed her not to scream and to take off her clothes. The defendant, while still holding the knife, threatened to kill the victim and her children if she ever told anyone what had happened. (*Id.* at p. 437; see also *People* v. *Martinez* (1980) 109 Cal.App.3d 851 [167 Cal.Rptr. 477] [the defendant, with the aid of a deadly weapon, assaulted the victim with the intent to commit rape, dragged her under a bridge, and then held her there in an effort to convince her not to report the incident to the police]; *People* v. *Zilbauer* (1955) 44 Cal.2d 43 [279 P.2d 534] [the defendant held the victims at gunpoint inside a moving automobile and stated he was deciding whether to kill one of the victims]; *People* v. *Henderson* (1977) 19 Cal.3d 86 [137 Cal.Rptr. 1, 560 P.2d 1180] [one defendant held a club and threatened to kill

the victim if he did not return a television set, while the other defendant pointed a pistol at the victim and pressed the barrel against the back of the victim's neck]; *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144] [the defendant held the victim against her will by holding a knife to her back]; *People* v. *Olivencia* (1988) 204 Cal.App.3d 1391 [251 Cal.Rptr. 880] [defendant entered the victim's apartment armed with a knife, stuck the knife into the coffee table, and told the victim he was going to make her watch him cut up her baby]; *People* v. *Webber* (1991) 228 Cal.App.3d 1146 [279 Cal.Rptr. 437] [defendant restrained victim by pointing a gun at her head].)

The second category of cases upholding convictions for felony false imprisonment involving menace presented evidence the defendant verbally threatened harm.[5] For example, in *People* v. *Raley* (1992) 2 Cal.4th 870, 907 [8 Cal.Rptr.2d 678, 830 P.2d 712], the defendant brought children into his camper and told them to take their clothes off. Nearby he kept a leather belt with a big metal belt buckle on it. The defendant told the children if they did not do what he said, or told anyone about the incident, he would hit them with the belt.

Similarly in *People* v. *Arvanites* (1971) 17 Cal.App.3d 1052 [95 Cal.Rptr. 493], the defendants barricaded themselves inside the victim's office, pushed him back into his office whenever he tried to leave, and told him he would not go home that night. They also told him, when they were through with him, he would have nothing to smile about. These verbal threats of harm were sufficient evidence of menace to support the conviction for felony false imprisonment. (*Id.* at p. 1060; see also *People* v. *Magana* (1991) 230 Cal.App.3d 1117 [281 Cal.Rptr. 338] [after raping the victim, the defendant forced her to walk through a park, while he held her hand, and when she asked him to let go, he threatened to kill her]; *People* v. *Brackett* (1991) 229 Cal.App.3d 13 [280 Cal.Rptr. 305] [defendant chased the victim, grabbed her by the neck with both hands, threatened to kill her if she did not shut up, and threw her against his van]; *People* v. *Straight* (1991) 230 Cal.App.3d 1372 [282 Cal.Rptr. 10] [defendant held victim by holding his hand over her mouth and told her to be quiet while sexually assaulting her]; *People* v. *Moore* (1961) 196 Cal.App.2d 91, 99 [16 Cal.Rptr. 294] [defendant threatened to arrest the victim and take her children away].)

The facts in the case at bar do not support a finding the false imprisonment was effected by menace. The only evidence of "menace" or "implied threat of harm" in this case would have to be based on appellant's earlier sexual assaults causing pain and possible injury and later glaring at her while

---

[5]These cases often involve both evidence of violence and menace.

getting out of his chair and approaching her each time she tried to leave. Based on the foregoing authorities however, this evidence is inadequate to establish an express or implied threat of harm. There was no evidence of a deadly weapon. Nor is there anything in the record to indicate the defendant ever verbally threatened Olga E. with additional physical harm. Similarly, there was no evidence to suggest appellant raised his fist or otherwise made any threatening movements suggesting harm each time Olga E. got out of the chair to leave.

Based on the lack of evidence of either violence or menace in restraining Olga E. against her will, we must reverse appellant's conviction for felony false imprisonment. ■ However, and as appellant apparently concedes, there is ample evidence he unlawfully violated Olga E.'s personal liberty to sustain a conviction for misdemeanor false imprisonment (Pen. Code, §§ 236, 237).

Misdemeanor false imprisonment is a lesser and necessarily included offense of felony false imprisonment, which has the additional element of proof the restraint was effected by violence, menace, fraud or deceit. "All elements of misdemeanor false imprisonment are also elements of the felony; the felony cannot be committed without necessarily committing the misdemeanor. The misdemeanor is therefore a lesser included offense of the felony." (*People* v. *Babich, supra,* 14 Cal.App.4th at p. 807, citing *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512].)

A new trial may be granted "[w]hen the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed." (Pen. Code, § 1181, subd. (6).) ■ The purpose for allowing an appellate court to modify the judgment to a lesser included offense is to "obviate the necessity of a new trial when the insufficiency of the evidence only goes to the degree of the crime." (*People* v. *Burks* (1961) 189 Cal.App.2d 313, 316 [11 Cal.Rptr. 200].) ■ We therefore modify the judgment to reflect a conviction of the lesser, and necessarily included offense of misdemeanor false imprisonment.

Appellant cites no authority, and we have found none, which would bind an appellate court to a defendant's tactical decision not to permit a conviction of a lesser included, offense by refusing such instructions at trial. In *People* v. *Lagunas* (1994) 8 Cal.4th 1030 [36 Cal.Rptr.2d 67, 884 P.2d

1015], the Supreme Court held a trial court on a new trial motion could not modify a verdict to a lesser *related* offense where evidence of the greater offense was inadequate. However, the court pointed out the same due process concerns are not present when a trial court modifies the verdict to a lesser, necessarily *included*, offense, provided the evidence supports a conviction of the lesser offense. (*Id.* at p. 1039.)

The same rationale also applies under Penal Code section 1260 authorizing appellate courts to modify a judgment to reflect a conviction of a lesser, necessarily included offense when the state of the evidence warrants it. The Supreme Court's decision in *People* v. *Bridgehouse* (1956) 47 Cal.2d 406 [303 P.2d 1018], is an example of the application of this principle. *Bridgehouse* involved a murder prosecution. The jury, however, was not instructed on voluntary manslaughter. The court found the record lacked any evidence of malice, express or implied, and modified the judgment to voluntary manslaughter from second degree murder. (47 Cal.2d at pp. 413-414; see also cases collected in 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3266, pp. 4028-4029.)

Accordingly, because the evidence is insufficient to establish felony false imprisonment, we modify the judgment to reflect a conviction of the lesser, and necessarily included offense of misdemeanor false imprisonment.

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is modified to reflect a conviction of misdemeanor false imprisonment in count V, in lieu of the conviction for felony false imprisonment. (Pen. Code, §§ 236, 237.) As modified, the judgment is affirmed and the writ is denied.

Lillie, P. J., and Woods (Fred), J., concurred.

A petition for a rehearing was denied June 23, 1995, and appellant's petition for review by the Supreme Court was denied September 14, 1995.

---

*See footnote, *ante*, page 480.