Filed 11/7/24  P. v. Bonilla CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082364 |
| v. | (Super.Ct.No. SWF2300283) |
| JOSEPH ANGEL BONILLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Laura Garcia, Judge.

Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity

Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant and appellant Joseph Angel Bonilla was convicted by a jury of one count of robbery (Pen. Code,[1] § 211), arising out of an incident in which he attempted to leave a liquor store without paying for a bottle of whiskey and pushed the store's owner to the ground when the owner attempted to prevent defendant from leaving.  Defendant appeals, arguing that the trial court erred by failing to instruct the jury on the lesser included offense of petty theft.  (§§ 486, 487, 488)  We find no error in the record before us and affirm the judgment.

# II.  BACKGROUND

A. *Charges*

In an amended information, defendant was charged with one count of robbery (§ 211), arising out of an incident that occurred in February 2023.  The information also alleged that (1) defendant had suffered a prior conviction qualifying as a serious felony (§ 667, subd. (a)); (2) defendant had suffered a prior conviction qualifying as a strike offense (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)); and (3) defendant committed the current offense while on probation, potentially subjecting him to an aggravated term of imprisonment (Cal. Rules of Court, rule 4.421(b)(4)).

---

[1] Undesignated statutory references are to the Penal Code.

B. *Relevant Evidence at Trial*[2]

    1. Testimony of Store Owner

The owner of a liquor store testified that he was working at his store on February 25, 2023, when defendant entered the store, grabbed a bottle of whiskey, and began to walk out of the store. When the owner tried to stop defendant from leaving, defendant pushed him. Specifically, the owner stated that defendant "pushed me to the floor" and demonstrated defendant's purported act by indicating that the defendant "leaned forward, pushed forward with his upper body . . . , indicating the push with a shoulder was used." The owner testified that he fell to the floor as a result. However, the owner could not recall if he sustained any injuries directly from the fall. After defendant pushed the owner to the ground, defendant continued to walk out of the store, entered his vehicle, and left the scene. A surveillance video of the incident was played for the jury and admitted into evidence.

    2. Testimony of Store Employee

An employee of the liquor store testified that she was working on the date of the incident. She witnessed defendant come into the store, grab a bottle of whiskey, knock the store's owner to the floor with a "nudg[e]," and run out of the store. She saw the store's owner standing at the door attempting to stop defendant from leaving when the

---

    [2] Because defendant challenges only the evidence with respect to the commission of the current offense, and whether such evidence justified giving an instruction on the lesser included offense of petty theft, we summarize only the evidence relevant to this issue.

defendant "hit [the owner] in the shoulder." When asked to describe the interaction further, the employee stated that defendant used his shoulder to "nudge" the owner, "like, pretty hard," causing the store owner to fall to the ground and sustain a "cut, but nothing major."

After defendant pushed the store owner, the employee ran after the defendant but stopped at the door to the store. She stopped because she witnessed the defendant make a hand gesture in the shape of a gun and point at her. The gesture made the employee "scared" because she believed it was a threat suggesting that defendant "might come back and actually do something." The employee was so afraid that she "took a break from work for . . . a month" after the incident for fear of her safety. After the incident, she called law enforcement and spoke with the responding deputies when they arrived at the scene.

3. Testimony of Sheriff's Deputy

A deputy with the Riverside County Sheriff's Department testified that he was dispatched to a liquor store in February 2023 in response to a reported robbery. Upon arrival at the store, he spoke with the store's owner, who reported that a man had entered the store, taken a bottle of whiskey, attempted to leave, and pushed the owner on his way out. The deputy recalled that the owner reported sustaining a cut on his hand as a result of this incident and confirmed that he took photographs of the injury, which depicted what appeared to be a fresh cut with broken skin and blood. The deputy also testified that the owner reported defendant had made a gesture with his hands, pointing his fingers as if shooting a firearm.

4

The store owner provided the deputy with a description of the man's vehicle, including a license plate number.  A records search indicated that the vehicle was registered to defendant.  Deputies located the vehicle later that same day, and encountered defendant inside the vehicle wearing items of clothing that were similar to those worn by the man depicted in the store's surveillance video of the incident. Deputies also recovered from defendant's vehicle a bottle of whiskey matching the size and brand taken from the liquor store.

C. *Instructions, Verdict, and Sentence*

The trial court considered, but ultimately declined to instruct the jury on the lesser included offense of petty theft, instructing the jury only on the elements of robbery.  The jury found defendant guilty of robbery, and found true each of the special allegations in a bifurcated proceeding.  The trial court sentenced defendant to a determinate term of 11 years in state prison, comprised of the middle term of three years for the robbery, doubled to six years as a result of the prior strike conviction, and enhanced by a consecutive term of five years for defendant's prior serious felony conviction.  Defendant appeals.

### III.  DISCUSSION

The sole issue raised by defendant on appeal is that the trial court erred when it instructed the jury only on the offense of robbery and declined to instruct the jury on the lesser included offense of petty theft.  As we explain, we find no error in the record before us.

"Robbery is defined as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by

5

means of force or fear.' " (*People v. Anderson* (2011) 51 Cal.4th 989, 994 (*Anderson*); § 211.) "It is settled that the crime of theft, whether divided by degree into grand theft or petty theft, is a lesser included offense of robbery. [Citation.] Robbery includes the added element of force or fear." (*People v. DePriest* (2007) 42 Cal.4th 1, 50.)

Generally, "[t]rial courts have a sua sponte duty to instruct regarding lesser included offenses because neither the defendant nor the People have a right to incomplete instructions." (*People v. Eilers* (1991) 231 Cal.App.3d 288, 296.) However, "[a] trial court's sua sponte duty to instruct on lesser included offenses arises . . . from the evidence at trial." (*People v. Barton* (1995) 12 Cal.4th 186, 203.) Thus, "[f]or the duty to instruct on a lesser included offense to arise, there must be ' "substantial evidence" [citation], " 'which, if accepted . . . , would absolve [the] defendant from guilt of the greater offense' . . . but not the lesser." ' " (*People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1137; *People v. Thomas* (2023) 14 Cal.5th 327, 385.) In this context, substantial evidence is " ' "evidence from which a jury composed of reasonable persons could conclude that the facts underlying the particular instruction exist." ' " (*Ibid.*) "On appeal, we review independently the question whether the trial court failed to instruct on a lesser included offense." (*People v. Cole* (2004) 33 Cal.4th 1158, 1215; *Thomas*, at p. 385.)

Here, the prosecution presented three witnesses who testified to the same material facts involving the incident: defendant entered a liquor store, grabbed a bottle of whiskey, and pushed the owner of the store to the ground when the owner attempted to stop defendant from existing the store. None of the witnesses testified to a version of

6

events that omitted defendant's act of pushing the store owner in response to the store owner attempting to stop defendant from leaving the store with the bottle of whiskey. Thus, there was no evidence upon which the jury could have relied to conclude that defendant committed a theft without the use of force short of rejecting the otherwise uncontradicted evidence presented by the prosecution. And, as our Supreme Court has explained, the possibility that a jury might reject the prosecution's evidence in determining the question of guilt[3] is not sufficient, on its own, to trigger the trial court's duty to instruct on a lesser included offense. (*People v. Abilez* (2007) 41 Cal.4th 472, 514 [" '[I]f there is no proof, other than an unexplainable rejection of the prosecution's evidence, that the offense was less than that charged, such instructions [on lesser included offenses] shall not be given.' "; see *People v. Friend* (2009) 47 Cal.4th 1, 51 [There is no duty to instruct on the lesser included offense of theft if there was "no reason why the jury would have rejected the prosecution's evidence that defendant committed a robbery."].)

Defendant argues that, even if the evidence in this case was uncontradicted, there remained a "substantial question" regarding whether the "required amount of force was lacking in this case." However, it is well settled that, "for purposes of the crime of robbery, the degree of force utilized is immaterial." (*People v. Griffin* (2004) 33 Cal.4th

---

[3] Because "the prosecution has the burden of proving beyond a reasonable doubt each essential element of the crime [citation], the jury may find for the defendant even if the only evidence regarding an element of the crime favors the prosecution, but that evidence nevertheless falls short of proving the element beyond a reasonable doubt." (*People v. Flood* (1998) 18 Cal.4th 470, 481.)

1015, 1025-1026.)  Instead, " ' " '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance . . . .' " ' " (*People v. Lopez* (2017) 8 Cal.App.5th 1230, 1235; *People v. Burns* (2009) 172 Cal.App.4th 1251, 1259.)  Thus, the element of force "can be satisfied by wrestling a purse from someone unwilling to part with it and stepping on her foot . . . , or even by politely tapping a person on the shoulder to indicate that she should step aside from a cash register."  (*People v. Morales* (2021) 69 Cal.App.5th 978, 992; see *People v. Muniga* (1991) 234 Cal.App.3d 1703, 1709 [mere "shove" may amount to the necessary force to support a conviction for robbery].)[4]

Thus, contrary to defendant's suggestion, the question of whether defendant used a certain quantum of force is not a "substantial question" giving rise to the trial court's duty to instruct on the lesser included offense of petty theft.  The use of any force to overcome a victim's resistance is sufficient to support a conviction for robbery.  Here, in order to convict the defendant of petty theft, the jury would have been required to conclude that defendant used *no* force in the commission of the offense.  And other than an unexplained

---

[4] Defendant's reliance on *Anderson*, *supra*, 51 Cal.4th 989 is unavailing. Defendant cites *Anderson* for the proposition that the law requires a defendant to exert some quantum of force "in excess of that 'necessary to accomplish the mere seizing of property.' " (*Id*. at pp. 995-996.)  However, in the very same paragraph, our high court explained that "additional force" exerted "to retain the property and facilitate[e] escape" constitutes the "requisite forcible act with the requisite intent" for commission of a robbery.  (*Ibid*.)  Where, as here, the alleged use of force occurs after defendant is already in possession of the stolen property, such an act is necessarily in excess of that necessary to accomplish the mere seizing of the property.

rejection of the otherwise uncontradicted testimony, there was no evidence upon which the jury could have relied to reach this conclusion.

Because defendant has not directed our attention to any evidence in the record that could support a reasonable conclusion that he committed a theft, without the use of force, defendant has failed to show there was substantial evidence in the record to support giving an instruction on petty theft as a lesser included offense. Absent substantial evidence to support giving an instruction, we conclude the trial court did not err in declining to instruct the jury on the lesser included offense of petty theft, and we need not consider defendant's additional arguments regarding whether any alleged error was prejudicial.

## IV. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:


McKINSTER _____
Acting P. J.


MILLER _____
J.

9